WILLIAM J. GALLAGHER *v.* THE PEOPLE,

and

JOHN O'DONNELL *v.* THE PEOPLE.

*Announced orally February 4, 1904.*

1. CONSTITUTIONAL LAW—*constitution does not authorize appeals to Supreme Court in criminal cases.* Section 11 of article 6 of the constitution, which provides that appeals and writs of error shall lie from the Appellate to the Supreme Court in criminal and other specified cases, is a limitation upon the power of the legislature to make the Appellate Court's judgment final in such cases, and does not authorize an appeal in a criminal case, in the absence of legislation.

2. APPEALS AND ERRORS—*an appeal is purely statutory.* While a writ of error is in most cases a writ of right, an appeal is purely statutory, and in order to confer the right to an appeal there must be a statute prescribing the terms and conditions thereof.

3. SAME—*law does not provide for appeal in criminal case.* There is no statute in Illinois authorizing an appeal in a criminal case, and the manner of reviewing such a case is by writ of error.

MOTION in Supreme Court to consolidate appeals.

STEDMAN & SOELKE, for appellant Gallagher; WILLIAM DILLON, for appellant O'Donnell.

H. J. HAMLIN, Attorney General, for the People.

Mr. JUSTICE CARTWRIGHT announced the opinion of the court:

The appellants, O'Donnell and Gallagher, were convicted in the criminal court of Cook county for the crime of conspiracy. Gallagher was sentenced to imprison-

ment in the penitentiary and O'Donnell was sentenced to pay a fine of $2000. The Appellate Court for the First District affirmed the judgment of the criminal court and allowed to the appellants separate appeals to this court, which were perfected by filing appeal bonds. Gallagher has filed in this court a complete transcript of the record and O'Donnell has filed a partial transcript and made a motion to consolidate his appeal with that of Gallagher, so that the appeals may be heard on the same transcript.

The law does not provide for an appeal in a criminal case. Section 11 of article 6 of the constitution authorizes the creation of Appellate Courts for the review, on appeal or writ of error, of such cases as the legislature may provide, and also provides that appeals and writs of error shall lie to this court from such Appellate Courts in all criminal cases, and cases in which a franchise or freehold or the validity of a statute is involved. But that provision of the constitution does not authorize an appeal in the absence of legislation. It is merely a limitation on the power of the legislature to make the judgments of the Appellate Courts final in such cases, and is intended as a provision that if Appellate Courts are given power to review cases falling within those classes, such cases may be reviewed finally in this court upon appeal or writ of error. This was the construction given to that section in *Perry* v. *Bozarth,* 198 Ill. 328. Furthermore, an appeal is purely statutory, and there must be a statute prescribing the terms and conditions of an appeal in order to make a right to appeal effective. While in most cases a writ of error is a writ of right, the right of appeal is created and regulated by statute in connection with the constitution, and the right must always be exercised, in such cases, upon such conditions and by such persons as are authorized by the statute. There is no statute providing for appeals or fixing the conditions upon which they may be taken in criminal cases, but the manner of reviewing such cases is provided for by

division 15 of the Criminal Code, by writ of error, with provisions for *supersedeas* and letting to bail. Section 90 of the Practice act, relating to appeals from the Appellate Court to this court, and including cases of which the Appellate Court has no jurisdiction, provides that criminal cases may be removed to this court by appeal or writ of error, in the same manner provided by sections 67 and 70 of said act for appeals to the Appellate Court. The purpose of section 90 was to comply with the constitution by providing that criminal cases may be reviewed in this court. The sections of the Practice act therein referred to relate only to civil cases, and section 70 is limited, by its terms, to judgments or decrees in law or in chancery. . Section 67 provides for an appeal bond to be framed with reference to the character of the judgment, and in the case of a sentence to imprisonment it would be nothing but a bail bond, while the Criminal Code commits the power to admit to bail to the discretion of the reviewing court or a judge of said court. To give a defendant a right of appeal in a criminal case would be to confer upon him the right, at his own will, to supersede the execution of the sentence, which was never intended. That can only be done by order of the reviewing court, or a judge thereof, upon an inspection of the transcript, in cases where there is a reasonable doubt as to the guilt of the defendant. There have been cases of appeals where the People have appeared and joined in error and submitted the cause for decision upon the errors assigned, which have been treated as being in the court upon writs of error in preference to dismissing the appeal, but in these cases there has been neither appearance nor joinder in error, and we are called upon by this motion to recognize the right of appeal. We can not consent to do that, and neither of the cases being in this court by any method prescribed by law, the motion is denied.

*Motion denied.*