## The People of the State of Illinois ex rel. Imogene Elbert, Appellee, v. Vernon Elbert, Appellant.

1. APPEAL AND ERROR, § 9*—*when writ of error lies.* A writ of error lies at common law for the review of final judgments in all cases involving rights or personal liberty, where no right of appeal is provided for by statute.

2. APPEAL AND ERROR, § 21*—*when writ of error and not appeal lies.* Writ of error and not appeal is the proper procedure for the review of an order committing a husband to jail for neglect to pay an amount awarded under the Act of June 24, 1915 [Callaghan's 1916 St. Supp. ¶ 3433(1) *et seq.*], relating to the punishment, as a criminal offense, for the abandonment of a wife or child in destitute circumstances, and the rendition of a temporary order before trial for the support of the wife or child, or both, *pendente lite,* and authorizing the punishment of a violation of such order as for a contempt of court, since such proceeding by contempt is criminal in its nature, involving the personal liberty of the husband, and the statute makes no provision for an appeal from the order.

Appeal from the County Court of McLean county; the Hon. JAMES C. RILEY, Judge, presiding. Heard in this court at the October term, 1917. Appeal dismissed. Opinion filed July 15, 1918. Rehearing denied October 2, 1918.

BARRY & MORRISSEY, for appellant.

MILES K. YOUNG and W. B. LEACH, for appellee; SIGMUND LIVINGSTON, of counsel.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

On April 12, 1917, an information containing two counts was filed in the County Court of McLean county by the State's Attorney, charging appellant in the first count with neglecting and refusing to provide for the support and maintenance of his wife without reasonable cause, and in the second count with neglecting

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and refusing to provide for the support and mainte-
nance of his minor child without lawful excuse. The
offenses charged are those created by the act approved
June 24, 1915, in force July 1, 1915, entitled "An Act
making it a misdemeanor for any person to neglect
or refuse, without reasonable cause, to provide for
the support or maintenance of his wife, said wife
being in destitute or in necessitous circumstances, or,
without lawful excuse, to desert or neglect or refuse
to provide for the support or maintenance of his or
her child or children under the age of eighteen years
in destitute or necessitous circumstances, to provide
punishment for violation thereof and to provide for
suspension of sentence and release upon probation in
such cases." [Callaghan's 1916 St. Supp. ¶ 3433(1)
*et seq.*] The act makes the crime a misdemeanor and
provides a punishment of a fine not to exceed $600, or
imprisonment in the county jail, house of correction
or workhouse, not to exceed one year, or by both such
fine and imprisonment. Section 3 of the Act [Cal-
laghan's 1916 St. Supp. ¶ 3433(3)] is as follows: "At
any time before the trial, upon motion of the com-
plainant and upon notice to the defendant, the court at
any time or a judge thereof in vacation, may enter
such temporary order as may seem just, providing for
the support or maintenance of the wife or child or
children of the defendant, or both, *pendente lite,* and
may for violation of such order punish the offender
as for a contempt of court." No provision is made in
the act for any appeal from any order which the court
might enter by virtue of section 3.

On May 11, 1917, the County Court entered an or-
der upon a motion for the support of the wife and
child, *pendente lite,* requiring appellant to pay $35
per month to his wife for her support and the support
of their child. On July 21, 1917, a citation was issued
ordering appellant to show cause why he should not

be punished for contempt of court for failure to comply with said order. Appellant answered the petition for citation, and, upon a hearing thereof, the court found that there remained unpaid the sum of $72.50, and ordered that defendant should stand committed to the county jail for 30 days, or until the order of the court was complied with, and that he pay the costs of these proceedings. From this order appellant has prosecuted this appeal.

At the time of appellant's marriage with his wife, he was living on a farm, owned by his father, consisting of about 500 acres of land. He and his father had an agreement whereby they farmed the land together and in some manner, not disclosed, shared in the profits thereof. The evidence shows, however, that appellant had authority to and did draw checks on his father's account for whatever money he needed, and this arrangement continued after the marriage and at least up to the time of the desertion. About a year after the marriage, the child in question was born. The wife was very sick and the child became sick and had to be taken to a sanitarium. Appellant abandoned his wife and child when the latter was 6 weeks old, for the reason that he was dissatisfied with his wife because she was unable to do the work required on the farm. His defense to the citation was that after he left his wife he made arrangement with his father whereby he worked for his father as a farm hand at $28 per month; that he had been sick and had been unable to pay the amount ordered on account of his expenses. The court was justified under the proofs in adjudging appellant in contempt.

The appeal, however, in this case must be dismissed. The misdemeanor defined by the act did not exist at common law but is purely statutory. The proceeding by contempt under section 3 of the Act is also purely statutory and criminal in its nature, involving the personal liberty of appellant. The judgment appealed

from was an order committing appellant to jail, and
not an order compelling appellant to pay the money
within a fixed time. A writ of error lies at common
law for the review of final judgments in all cases in-
volving rights or personal liberty, where no right of
appeal is provided for by statute. *Loomis v. Hodson,*
224 Ill. 147; *Hart Bros. v. West Chicago Park Com'rs,*
186 Ill. 464. In the case of *Haines v. People,* 97 Ill.
161, the order of commitment was very similar to the
one entered in the case at bar. There the question was
whether an appeal or writ of error was the proper
procedure for the review of such an order and it was
held: "From this review of the authorities it is clear
that a writ of error lies in this State from either this
court or the Appellate Court to all inferior courts of
record, for the purpose of reviewing their final de-
terminations in all cases involving property rights or
personal liberty, where no appeal is given from such
inferior court of record to some intermediate court or
to this court. And furthermore, that this right exists
independently of any statutory or constitutional pro-
visions, by force of the common law, in all cases in
which the jurisdiction of such inferior court is exer-
cised according to the course of the common law.
* * * We are aware of no statutory provision which
authorized an appeal to the Circuit Court from the
order of the Probate Court committing the plaintiff
in error for the alleged contempt, and it is clearly a
final determination of that court in a criminal proceed-
ing directly affecting his liberty, and unless a writ of
error lies to the Probate Court in such a case, he would
be wholly remediless, however much error may have
intervened." In the case of *Randolph v. People,* 130
Ill. 533, the *Haines* case, *supra,* is approved and the
distinction is made between a simple order committing
a party to jail and one in which he is ordered to pay
a certain amount of money within a certain time, and

in default of his doing so that he be committed to jail.

An appeal will not lie from the order entered in this case and it is therefore dismissed at the costs of appellant.

*Appeal dismissed.*