# CASES

## THIRD DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1920.

---

The People of the State of Illinois ex rel. Imogene Elbert, Appellee, v. Vernon Elbert, Appellant.

1. APPEAL AND ERROR, § 365*—*necessity for presenting question below.* Courts of appeal will not consider defects in a record that can be waived unless such questions are presented to the trial court.

2. CONTEMPT, § 74*—*what objections not available on appeal.* Defendant in an information for failure to support his wife and minor child who did not raise in the court below the want of verification of the information and did not object on such ground on hearing of the contempt proceeding against him for failure to pay the amount for support ordered by the court on the wife's motion, but submitted to the jurisdiction of the court, cannot raise such objection on an appeal from the order entered in the contempt proceeding.

3. CONTEMPT, § 68*—*what evidence admissible.* On a hearing in a contempt proceeding against a defendant for failure to comply with the order entered on the wife's motion on an information against him for failure to support his wife and minor child, the order entered in the main proceeding on the wife's motion is admissible in evidence.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

(394)

4. APPEAL AND ERROR, § 199*—*extent of Appellate Court's juris-diction as to constitutional question.* While the question whether a statute attempting to authorize the filing of an unverified information by the State's Attorney is void as in conflict with section 6 of the Bill of Rights cannot be determined by the Appellate Court primarily, where this question has been determined by the Supreme Court, the Appellate Court may apply the law so determined to the facts of any case.

5. CRIMINAL LAW, § 582*—*when question waived.* Where the objection to the failure to verify the information on which a proceeding is had is not raised until the case has been remanded to the Appellate Court to be determined on its merits, such objection is waived.

6. APPEAL AND ERROR, § 1488*—*when admission of evidence harmless.* On appeal from a judgment had on a hearing before the court, it will be presumed that no improper evidence was considered by the court in determining the issues, and in such a case the admission of improper evidence is harmless error.

7. CONTEMPT, § 7*—*when evidence supports order.* On appeal from an order finding defendant guilty of contempt in failing to make payments for the support of his wife and minor child pursuant to an order entered on the wife's motion in a proceeding on an information against him for nonsupport, evidence *held* sufficient to support the order in the contempt proceeding.

Appeal from the County Court of McLean county; the Hon. JAMES C. RILEY, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed April 27, 1920. *Certiorari* denied by Supreme Court (making opinion final).

BARRY & MORRISSEY, for appellant.

MILES K. YOUNG and W. B. LEACH, for appellee; SIGMUND LIVINGSTON, of counsel.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

The State's Attorney of McLean county filed in the county court of that county an information in the first count of which he charged that appellant had unlawfully, wilfully and without reasonable cause

*See **Illinois Notes Digest**, Vols. **XI** to **XV**, and **Cumulative Quarterly**, same topic and section number.

neglected and refused to provide for the support and maintenance of his wife, then being in destitute circumstances, and in the second count that he had wilfully and without lawful excuse neglected and refused to provide for the support and maintenance of his daughter, then 3 years old, she then being in destitute and necessitous circumstances. This information was not verified by the State's Attorney or any one else. A warrant was issued, appellant was arrested and brought into court and was released on bonds. Shortly thereafter and before the cause was called for trial on its merits, the wife of appellant filed her motion under section 3 of the Act of the legislature of the State of Illinois in force July 1, 1915 [Callaghan's 1916 Stats. ¶ 3433(3)] for an order on appellant requiring him to support his wife and their said child. Appellant shortly thereafter answered said motion and the same was heard and allowed and appellant was thereupon ordered to pay 'to his wife $35 per month for the support of herself and their said child, from February 7, 1917, until his trial on the said information. The justness, correctness or sufficiency of that order has been in no way challenged, neither has any attempt been made to have it reversed, annulled or modified in any court. A few months after that order was entered, the wife of appellant filed her petition, in which she charged that appellant was in default in the payments of the stipend and praying that he be required to show cause why he should not be dealt with as for contempt. Appellant answered the petition setting up as a defense that he was earning but $28 per month as a farm hand; that he had no other income; that he had been having trouble with his teeth making the services of a doctor and dentist necessary, and setting out with some detail how he had expended his earnings since the order in question was entered which included $135 paid to his wife. The court heard the petition, found appellant guilty

of contempt and sentenced him to confinement in the county jail for the period of 30 days or until the order for the payment of the $35 per month should be complied with and that he pay the costs. From this order appellant prosecuted an appeal to this court. On consideration of the arguments and record this court held that the proceeding was a criminal one that could not be reviewed by an appeal from the judgment and dismissed the appeal. See *People v. Elbert*, 212 Ill. App. 82. The Supreme Court later held that the proceeding was a civil action, reversed the judgment of this court and remanded the cause to this court with directions "to find upon the issues of fact and render judgment on the errors assigned." *People v. Elbert*, 287 Ill. 458. Neither in the county court nor in this court when the case was first before us, nor yet in the Supreme Court, was the question of the insufficiency of the information raised or considered. At this term of this court appellant in his new brief and argument now, for the first time, contends that because the information, by the filing of which this prosecution was begun, was not verified, therefore all the proceedings including the order appealed from are void.

It is a well-established rule that courts of appeal will not consider defects in a record that can be waived unless such questions are presented to the trial court. It is now settled law in this State that the want of verification to an information may be waived. *People v. Honaker*, 281 Ill. 295. The Supreme Court in that case speaking of this identical question said: "Without doubt a defendant may waive the benefit of the constitutional provision, and would waive it by failing to make any objection * * * ." Appellant with full knowledge of the defect in the information now complained of, as we are bound to presume, not only failed to point it out to the county court but when the petition of the wife

of appellant under section 3, ch. 38, Rev. St. [Callaghan's 1916 Stats. ¶ 3433(33)] above referred to, was filed praying for an order for the support and maintenance of herself and child *pendente lite,* appellant voluntarily came into court and filed his answer to such petition. In it he set forth his financial condition and his earning capacity and concluded the same in the following words: "Defendant-shows to the court that he is willing to comply with any reasonable order the court may make that is within his means." Nothing in this answer even by implication or inference challenged the jurisdiction of the court to enter the order, but on the contrary the entry of an order as to such support and maintenance *pendente lite* was expressly invited, and no appeal or writ of error was prosecuted to review the order thereupon entered. The defect being one that could be waived and appellant having waived it in the original proceeding, it was too late, and in the nature of a collateral attack, to raise it on the hearing of this ancillary proceeding. Again, if he had desired and could have raised it in this proceeding, he should have done so in his answer to the rule to show cause why he should not be dealt with as for contempt. This he did not do but contented himself with setting up his financial inability and the causes that gave rise to such inability and concludes with a prayer that the monthly payments required of him to be paid *pendente lite* be reduced, again expressly invoking the exercise of the jurisdiction of the court that he now denies.

On the hearing of the contempt proceeding in which the order appealed from was entered, appellant offered in evidence the order entered in the main proceeding under section 3, ch. 38, Rev. St. [Callaghan's 1916 Stats. ¶ 3433(3)], the failure to comply with which gave rise to the contempt proceedings. To this offer appellant objected on the ground that the same was incompetent, immaterial and irrelevant and that the

court had no jurisdiction to enter it. This objection was properly overruled and the order was admitted in evidence. Appellant now contends that by that objection so made, the jurisdictional question was preserved for determination in the county court and is open for review here. That contention cannot be sustained for the reasons already stated and the further reason that it nowhere appears that the defect in the information now complained of was suggested to the court then or at any other time in support of the claimed want of jurisdiction of the court to enter the order in question.

It has been suggested that by prosecuting the appeal to the Appellate Court appellant again waived his right to raise the constitutional question. That contention is not maintainable. While it is true that the question whether the statute attempting to authorize the filing of an unverified information by the State's Attorney was void as being in conflict with section 6 of the Bill of Rights could not be determined by the Appellate Court primarily, no reason appears why, when that question had already been determined by the Supreme Court, the Appellate Court may not apply the law so declared to the facts in any case. The fact, however, that on such appeal to this court the question was not presented until after the case had gone to the Supreme Court and had been remanded to this court to be determined on its merits is a waiver of the right to raise it now.

It is contended that the court erred in permitting certain evidence as to the financial standing of the father of appellant to be introduced on cross-examination. The hearing was before the court and it will be presumed that no improper evidence was considered in determining the issues. The error so committed was harmless.

It is lastly urged that the order appealed from was not supported by the weight of the evidence. If the

testimony of appellant is true, and in truth and. in fact he has diligently to the best of his ability applied himself to earning money and has not been able to earn a sufficient sum to pay the amount awarded to his wife for support and maintenance over and above his own actual needs, then undoubtedly he should not have been found guilty of a wilful neglect to obey the order, but in determining what were the actual needs of appellant, regard must also be had to the actual needs of his wife and child, for they are entitled to a fair proportion of his earnings and income, and the law imposes on him the burden of making his income as great as diligence and the exercise of ordinary intelligence will produce. A failure in that respect is as serious a neglect of duty as it would be to fail to properly apply funds actually earned and received, to the satisfaction of the order referred to. The trial court saw the witnesses and heard them testify and was better able to determine the weight and preponderance of the evidence than we are from the transcript of it, and apparently did not regard the evidence of appellant as entitled to much weight. We are not prepared to say the findings of the court are manifestly wrong. The order of the county court is affirmed.

*Order affirmed.*