## The People of the State of Illinois, Appellee, v. Elmer E. Cowdrey, Appellant.

### Gen. No. 37,580.

Opinion filed December 19, 1934. Rehearing denied and additional opinion filed January 11, 1935.

MARTIN GORSKI and PAUL R. SKALA, both of Chicago, for appellant; CLYDE C. FISHER, of Chicago, of counsel.

Thomas J. Courtney, State's Attorney, for appellee; Edward E. Wilson, J. Albert Woll and Henry E. Seyfarth, Assistant State's Attorneys, of counsel.

Mr. Presiding Justice Hebel delivered the opinion of the court.

This case is in this court upon a notice of appeal from a judgment entered in the criminal court of Cook county, finding the defendant guilty in manner and form as charged in each of the five counts of the indictment, and imposing a penalty of $1,000 in each of said counts.

The indictment was based upon a violation of the Motor Fuel Tax Law, Cahill's St. ch. 95a, ¶ 78 et seq. The first count charged that the defendant and Howard E. Adams, also a defendant, were copartners, doing business under the firm name of Cowdrey & Adams; that they were engaged in the business of distributors of motor fuel, and as such distributors sold large quantities of motor fuel in Cook county during the entire month of November, 1931, and sold large quantities of such gasoline and collected from the purchasers thereof a tax of three cents a gallon, which they wilfully refused to make payment of to the Superintendent of Finance of the State of Illinois. The second count is similar to the first, except that it is charged the offense was committed during the month of December, 1931. The third, fourth and fifth counts are similar to the first and second, except that the offense charged in each of these counts was in reference to the months of January, February and March, 1932.

The defendant Adams was not apprehended, and the trial proceeded against the defendant Cowdrey alone. The case was tried before the court and a jury, and a verdict was returned finding the defendant guilty on each of the five counts of the indictment, and a penalty was imposed as above stated.

The People of the State of Illinois, as appellee, by the State's attorney of Cook county, presented a motion and moved that this court dismiss the appeal of

the defendant, upon the ground that a review of a criminal case can only be considered upon the issuance of a writ of error. To this motion the defendant filed his written suggestions in opposition to the motion of the People of the State of Illinois.

It is admitted by the defendant that under the practice prior to the passage of the Civil Practice Act, in force January, 1934, defendant could have a judgment of conviction in a criminal court reviewed by a court, of appellate jurisdiction only upon the issuance of a writ of error. Defendant upon this appeal proceeded by notice of appeal under this new Civil Practice Act. From an examination of the act governing this right of appeal, it appears under section 1, Cahill's St. ch. 110, ¶ 129, the provisions of the act shall apply to all civil proceedings both in law and equity. This language seems plain, and therefore limits the right to a review under the new act to civil cases only. The appeal provided for by this act is an appeal of right and does not apply to a review of a judgment in a criminal case. It was never intended by this act that a defendant in a criminal case could by appeal stay the execution of a sentence as a matter of right.

The fact is that the only means by which the defendant can have his case reviewed is a writ of error, and in order that the execution of the judgment may be stayed, it is necessary that he apply for a supersedeas in the court in which his criminal case is to be reviewed, and if granted, the court, if it deems proper, will fix the amount of the bond and he will be released from custody pending the disposition of the writ of error. Par. 839, ch. 38 of the Criminal Code provides for the method by which this may be accomplished, and is the only method by which defendant can procure a stay of the execution of the judgment entered in the criminal case.

The Supreme Court in the case of *People v. Klyczek,* 307 Ill. 150, held that an appeal is not permitted in criminal cases; that a judgment in a criminal case

can be reviewed only by a writ of error; that the trial court had no authority to admit the defendant to bail pending the review of the case in the Appellate Court; that that can only be done by the Appellate Court granting a supersedeas. The provisions of the Civil Practice Act do not provide for an appeal in a criminal case. The manner of reviewing such a case has not been changed, and must be by writ of error. *Gallagher v. People,* 207 Ill. 247.

For the reasons stated, the appeal in this case is dismissed.

*Appeal dismissed.*

WILSON and HALL, JJ., concur.

### ADDITIONAL OPINION.

MR. PRESIDING JUSTICE HEBEL delivered this additional opinion of the court.

Our attention has been called to Rule 28 of the Supreme Court of Illinois, wherein it is provided that:

"The provisions of the Civil Practice Act and the rules of this court referring to notice of appeal, appellant and appellee shall, to the extent applicable, include writ of error and defendant in error in criminal cases and in civil cases where writ of error is preserved as a method of review.

"If a writ of error be improvidently sued out in a case where the proper method of review is by appeal, or, if the appeal be improvidently employed where the proper method of review is by writ of error, this alone shall not be a ground for dismissal, but if the issues of the case sufficiently appear upon the record before the court of review, the case shall be considered as if the proper method of review had been employed."

The Civil Practice Act in the first section provides that the provisions of the act shall apply to practice in civil cases alone. The Supreme Court has not passed upon the applicability of this rule to practice in criminal cases. This rule would have a far reaching effect

if appeals were taken under the Civil Practice Act in criminal cases. It should be borne in mind that the Practice Act does not eliminate the procedure that now applies to practice in criminal cases, nor does the new Practice Act take the place of the statutory provisions governing criminal procedure. This court is of the opinion that par. 839, sec. 12, ch. 38, of the Criminal Code, Cahill's Ill. Rev. Stats. is still in full force and effect, which provides as follows:

"Whenever any defendant has been convicted of any criminal offense, which under the law is bailable, and sentence has been imposed, and such defendant desires to prosecute a writ of error to either the Appellate or the Supreme Court, upon application to the presiding judge a reasonable time shall be fixed by said presiding judge in which to make application to the Supreme or Appellate Court, or some one of the justices thereof, for a supersedeas, during which time if the defendant shall have been admitted to bail the recognizance shall continue in force, or if he shall not have been admitted to bail then said presiding judge shall fix the amount of recognizance, and shall suspend the issuing of the mittimus for commitment during such reasonable time: *Provided,* that said presiding judge may in his discretion increase the amount of such bail and require the defendant to enter into a new recognizance during such time."

We believe that under the law an appeal by the defendant in the instant case is not warranted, and in order to obtain a review of his case, it will be necessary for him to follow the practice that applies in criminal cases. However, from what we have said in the opinion, we adhere to our position that the defendant's appeal must be dismissed.

WILSON and HALL, JJ., concur.