(No. 22942.—)
The People of the State of Illinois, Defendant in Error, *vs.* Elmer E. Cowdrey, Plaintiff in Error.

*Opinion filed June 14, 1935.*

Martin Gorski, and Paul R. Skala, (Clyde C. Fisher, of counsel,) for plaintiff in error.

Otto Kerner, Attorney General, Thomas J. Courtney, State's Attorney, and J. J. Neiger, (Edward E. Wilson, Henry E. Seyfarth, and John T. Gallagher, of counsel,) for the People.

Mr. Justice Farthing delivered the opinion of the court:

January 5, 1934, after Rule 28 of this court was in force, Elmer E. Cowdrey was convicted of a misdemeanor in the criminal court of Cook county. He perfected an appeal to, instead of suing out a writ of error from, the Appellate Court for the First District. On his motion the Appellate Court made the appeal a *supersedeas*. On motion of the People the appeal was dismissed on the sole ground that a judgment of conviction in a criminal case can only be reviewed by writ of error. (*People* v. *Cowdrey,* 278 Ill. App. 65.) The cause is before us by writ of error.

In *People* v. *Callopy,* 358 Ill. 11, we held that this court has inherent power to make rules governing the practice in inferior courts, independent of statutory authority. The attack made there was against Rule 27, which requires instructions in criminal cases to be given in conformity with section 67 of the Civil Practice act. It was contended there that we have no such rule-making powers with reference to procedure in criminal cases and that such power is limited to that provided by statute.

By obtaining a *supersedeas* from the Appellate Court Cowdrey treated his appeal as a writ of error. He did not by his own will, alone, stay the execution of the judgment of the trial court but left the matter of such stay to the court of review, where the power rightfully belongs. *Gallagher* v. *People,* 207 Ill. 247; *People* v. *Klyczek,* 307 id. 150.

Rule 28, in part, provides: "If a writ of error be improvidently sued out in a case where the proper method of review is by appeal, or if appeal be improvidently employed where the proper method of review is by writ of error, this alone shall not be a ground for dismissal, but if the issues of the case sufficiently appear upon the record before the court of review, the case shall be considered as if the proper method of review had been employed."

We do not hold that an appeal is the proper method to be employed by a party who seeks a review of a judgment of conviction in a criminal case. However, in this case the issues were presented by the record before it and the Appellate Court was bound to observe Rule 28 of this court. Its ruling on the motion to dismiss on the sole ground stated was erroneous.

The judgment of the Appellate Court is therefore reversed and the cause is remanded to that court, with directions to consider the errors there assigned.

*Reversed and remanded, with directions.*