## The People of the State of Illinois, Appellee, v. Archie B. Riggs, Appellant.

Opinion filed June 6, 1938. Rehearing denied July 7, 1938.

LLOYD A. FAXON and HARRY F. WIGGINS, both of Chicago, for appellant.

LOUIS P. ZERWECK, State's Attorney, for appellee.

MR. JUSTICE EDWARDS delivered the opinion of the court.

The state's attorney of St. Clair county filed an information in the county court charging defendant with having deserted his two minor children, who were in destitute and necessitous circumstances, in violation of section 24, ch. 68, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 37.002, 37.012].

A motion for temporary support, based upon section 26 of such act [Ill. Rev. Stat. 1937, ch. 68; Jones Ill. Stats. Ann. 37.004], was duly filed in the cause, but it does not appear to have been passed upon prior to the trial. The section provides that "At any time before the trial, upon motion of the complainant and upon notice to the defendant, the court at any time, or a judge thereof in vacation, may enter such temporary order as may seem just, providing for the support or maintenance of the wife or child or children of the defendant, or both, pendente lite, and may for a violation of such order punish the offender as for a contempt of court."

The issues were heard before a jury who disagreed. Upon discharge of the panel, as for a mistrial, the court entered an order upon such motion, requiring defendant to pay the sum of $50 monthly beginning September 9, 1937, for the support of said children; from which order he has appealed.

Section 24 aforesaid is a criminal statute, and for any order entered thereunder a review could only be had by writ of error; *Gallagher v. People,* 207 Ill. 247. Section 26 has been held to be chiefly in the interest of the wife and children, and proceedings pursuant to its terms are civil in their character, as a consequence of which a person who felt himself aggrieved by an order so entered for support *pendente lite,* might question its propriety or correctness by appeal, *People v. Elbert,* 287 Ill. 458; *People v. Elbert,* 217 Ill. App. 394. We shall accordingly consider the appeal as properly taken.

Appellant appears to have fully perfected his appeal and fulfilled all the statutory requirements, as well as complied with each of the rules of this court, in so doing.

Appellee has filed no brief or argument to sustain the judgment. This court has held that where such is the case the judgment may be reversed without a consideration of the cause on its merits, *C. I. T. Corp. v. Blackwell,* 281 Ill. App. 504; *Eichelberger v. Robinson,* 233 Ill. App. 579.

For which reason the judgment is reversed.

*Judgment reversed.*