# CASES

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1925.

---

**The People of the State of Illinois, Defendant in Error, v. Max Masor, Plaintiff in Error.**

### Gen. No. 29,443.

1. INTOXICATING LIQUORS—*when information insufficient to sustain conviction of unlawful possession of intoxicating liquors.* An information was insufficient to sustain a conviction, which charged that the defendant did unlawfully "have in his possession intoxicating liquors for beverage purposes without a permit, said intoxicating liquors not being intended for medicinal or sacramental purposes, in violation of section 3, Illinois Prohibition Act," Cahill's St. ch. 43, ¶ 3, as it did not negative all circumstances under which possession may be lawful and especially circumstances under which possession may be lawful without a permit.

2. INTOXICATING LIQUORS—*insufficiency of information charging unlawful possession of intoxicating liquors.* Where the only averment of fact in an information charging defendant with unlawful possession of intoxicating liquors, upon which the claim of unlawful possession was predicated, was the possession "for beverage purposes without a permit," the information was insufficient, as it averred no fact, negative or otherwise, from which it might be inferred that the defendant's possession of the liquor was not expressly authorized by section 40 of the Prohibition Act, Cahill's St. ch. 43, ¶ 41, for consumption or beverage purposes as therein provided, and for which no permit was required.

Error by defendant to the Municipal Court of Chicago; the Hon. WILLIAM E. HELANDER, Judge, presiding. Heard in the second

(1)

The People v. Masor, 238 Ill. App. 1.

division of this court for the first district at the October term, 1924. Reversed. Opinion filed July 14, 1925.

BROWN & ALSCHULER, for plaintiff in error.

ROBERT E. CROWE, State's Attorney, for defendant in error; HENRY T. CHACE, JR. and EDWARD E. WILSON, Asst. State's Attorneys, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

Plaintiff in error was convicted on an information charging him with unlawful possession of intoxicating liquors. The only ground urged for reversal of the judgment we need consider is, that the information states no offense against the law. It charges that plaintiff in error did, in the county of Cook and state of Illinois, unlawfully "have in his possession intoxicating liquors for beverage purposes without a permit, said intoxicating liquors not being intended for medicinal or sacramental purposes, in violation of section 3, Illinois Prohibition Act [Cahill's St. ch. 43, ¶ 3]."

It is a well-established principle that in criminal pleading the highest degree of certainty is always required. (*Wilkinson v. People,* 226 Ill. 135; *People v. Berman,* 316 Ill. 548, 551.) Tested by this rule it was held in the latter case that an indictment under said act was insufficient which charged that the defendant "not being authorized to possess intoxicating liquor in the manner provided by the Illinois Prohibition Act, did then and there possess intoxicating liquor with the intent to use the same in violation of the said Illinois Prohibition Act, contrary to the form of the statute." The gist of the decision is that said language averred conclusions of law and not facts, and that it is not permissible to leave a fact necessary to be inferred to be derived by inference from an allegation of a mere conclusion of law. (*Gunning v.*

*People,* 189 Ill. 165.)   No facts, therefore, can be inferred merely from the formal averments and legal conclusions in the present information of unlawful possession or that it was in violation of the statute. The word "unlawfully" adds nothing as a fact.   It is a mere legal conclusion.   (*People v. Martin,* 314 Ill. 110, 115.)   The only averment of fact upon which the claim of unlawful possession is predicated is that the possession was "for beverage purposes without a permit."   While the main purpose of the act is to prevent the use of intoxicating liquor for beverage purposes, its possession and use as a beverage when lawfully acquired is not prohibited.   Section 40 [Cahill's St. ch. 43 ¶ 41] expressly provides:

"It shall not be unlawful to possess liquors in one's private dwelling while the same is occupied and used by him as his dwelling only, provided such liquors were lawfully acquired and are for use only for the personal consumption of the owner thereof and his family residing in such dwelling, and of his bona fide guests when entertained by him therein."

It was said in the *Martin* case, *supra,* that "the *possession* of liquor by any person is not made prima facie evidence that such liquor is *unlawfully possessed.*"

There being no averment of fact in the information, negative or otherwise, from which it may be inferred that defendant's possession of liquor was not that expressly authorized by this section for consumption, or beverage purposes, as therein provided, and for which no permit is required, the information is insufficient to sustain the judgment, and the motion in arrest should have been granted.

Upholding this principle in cases prosecuted under said act the Supreme Court has recently said: "To charge a violation of the Prohibition Act it is essential that the indictment negative the exceptions contained in the act" (*People v. Elias,* 316 Ill. 376); that "An indictment or information under the Pro-

hibition Act must show on its face that the possession * * * charged was a possession * * * prohibited by the act" (*People v. Tate*, 316 Ill. 52); that "A definite charge cannot be made under the Act without an allegation that the accused person is not within exceptions contained in the statute" (*People v. Barnes*, 314 Ill. 140).

While the information in question negatived certain circumstances under which possession may be lawful when authorized by a permit, it did not negative all circumstances under which possession may be lawful, and especially circumstances under which possession may be lawful without a permit. It becomes necessary, therefore, under the principles stated, to reverse the judgment.

*Reversed.*

GRIDLEY and FITCH, JJ., concur.