THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* SIMON P. LEWIS *et al.* Plaintiffs in Error.

*Opinion filed December 16, 1925.*

1. CRIMINAL LAW—*indictment or information must negative exceptions in Prohibition act.* An indictment or information under the Prohibition act must be as fully descriptive of the offense as is the language of the statute, and should allege that the unlawful ownership or possession of intoxicating liquor, or the doing of anything prohibited by said act, was without a legal permit; and where intent is made a part of the offense it must be alleged and proved.

2. SAME—*when exception in statute defining offense must be negatived in indictment.* An exception or proviso in a statute defining an offense must be negatived in an indictment when the exception is so incorporated with the substance of the definition of the offense as to constitute a material part of the description of the acts, omissions or other ingredients which constitute the crime.

3. SAME—*when it is not sufficient to charge offense in language of statute.* It is not sufficient to charge an offense in the language of the statute, alone, where the statute does not describe the act or acts which constitute the crime or where by its generality the statute embraces acts which it was not intended to punish.

4. PROHIBITION—*what must be alleged in indictment under section 5 of Prohibition act.* An indictment charging a violation of section 5 of the Prohibition act, making it unlawful to sell, give away or possess, in any of the public places enumerated, any in-

toxicant of the kind enumerated in section 4, whether fit or unfit for beverage purposes, should aver that the defendant is conducting some one of the establishments enumerated, and that he did sell, give away or possess an intoxicant described in section 4.

5. SAME—*what may be regarded as surplusage*. A charge in an indictment or information that the alleged unlawful act was committed without a proper or legal permit or legal authority is a sufficient averment to negative the right or authority of the defendant to do the act in question, and where it is averred that the defendant had no legal permit or authority from the Attorney General or Commissioner of Prohibition to do the alleged illegal act, the words "Attorney General" or "Commissioner of Prohibition" may be regarded as surplusage in considering the question whether the Prohibition act gave such officers legislative powers.

6. SAME—*Prohibition act is not invalid as delegating legislative power*. The Illinois Prohibition act is appropriate legislation for enforcing the eighteenth amendment and cannot be held invalid as delegating legislative power to the Attorney General or Commissioner of Prohibition in sections 2, 3, 7 and 27, as such provisions might be omitted and the act still be appropriate and valid.

7. SAME—*sections 4 and 5 of Prohibition act are not invalid as being discriminatory*. Sections 4 and 5 of the Prohibition act, making it unlawful to sell, give away or possess certain kinds of intoxicants in certain public places enumerated, are not invalid as being discriminatory or class legislation but are reasonable provisions for enforcing the eighteenth amendment, as the businesses enumerated are more apt to resort to the illegal sale of intoxicants than are drug stores and other *bona fide* stores which are permitted to handle intoxicants not for beverage purposes.

WRIT OF ERROR to the County Court of Rock Island county; the Hon. GEORGE D. LONG, Judge, presiding.

BEN A. STEWART, for plaintiffs in error.

EDWARD J. BRUNDAGE, BENJAMIN S. BELL, State's Attorney, and GEORGE C. DIXON, (EDWARD L. EAGLE, of counsel,) for the People.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

An information was filed in the county court of Rock Island county containing two counts, the first charging that on October 11, 1923, at and within said county, in the

State aforesaid, Simon P. Lewis and Simon Yann did then and there unlawfully and willfully acquire and possess intoxicating liquor with intent then and there to use the same in violation of the Prohibition law of the State, contrary to the form of the statute in such cases made and provided, etc. The second count contains the same formal language as to the charge against plaintiffs in error, the specific charge being that they did then and there unlawfully and willfully keep for sale intoxicating liquor with the intent then and there to sell the same, contrary to the provisions of the Prohibition law of this State. Upon a plea of not guilty and a trial by jury they were found guilty of the charge in the information, and after motions for new trial and in arrest of judgment were overruled the court sentenced each of them to pay a fine of $100 on the first count, and in default of the payment of such fine they were to be committed to the county jail and work out their fines at the rate of $1.50 per day. The court further sentenced each of them to jail for a period of sixty days on the second count. They have sued out a writ of error from this court upon the ground that the statute under which they were prosecuted and convicted is invalid.

The evidence in this case is practically undisputed, and is, in substance, that on the day aforesaid the sheriff of Rock Island county, in company with two United States prohibition officers and one deputy sheriff, raided a soft drink parlor situated in the business district of the city of Rock Island, owned and operated by plaintiff in error Lewis. The officers having a search warrant searched the place at the time they entered and found a sixteen-ounce shell-glass back of the bar on the ice cooler which was about two-thirds full of intoxicating liquor containing 41.26 per cent of alcohol by volume, which liquor is commonly called whiskey. They also found twelve cases of bitters, each containing twelve bottles, in a small room at one end of the bar, with a door opening into this room from back of

the bar. One of these bottles was put in evidence as an exhibit before the jury, the analysis of the contents of which showed that it contained 16.98 per cent of alcohol by volume. The whiskey was offered in evidence as an exhibit before the jury, also. Plaintiff in error Yann was in the soft drink parlor when the officers entered, and before the search was completed Lewis came into the place. This drink parlor was equipped with the usual fixtures commonly found in a saloon before the days of prohibition. Lewis admits that he transported the whiskey to his place of business from his home, and stated in his testimony that he kept it back of the bar for his own use as a remedy for his asthma. He further stated that he kept it there right along in the shell-glass so it would be handier, and that he had been in the habit of transporting liquor from his home to the soft drink parlor right along.

Plaintiffs in error have raised the question of the sufficiency of the information by their motion in arrest of judgment, and one error assigned on the record is that the information fails to charge them with the commission of any offense or crime under the laws of the State. In the cases of *People* v. *Martin,* 314 Ill. 110, and *People* v. *Barnes,* id. 140, this court held that an indictment or information charging an offense defined by statute should be as fully descriptive of the offense as is the language of the statute and should allege every substantial element of the offense, including all conditions or circumstances constituting the crime, and where intent is made a part of the offense it must be alleged and proved. An exception or proviso in a statute defining an offense must be negatived in an indictment when the exception is so incorporated with the substance of the definition of the offense as to constitute a material part of the description of the acts, omissions or other ingredients which constitute the crime. It is not sufficient to charge an offense in the language of the statute, alone, where the statute does not describe the act or

acts which constitute the crime or where by its generality the statute embraces acts which it was not intended to punish. A count in an information charging the unlawful ownership or possession of intoxicating liquor or charging any other unlawful act under the Prohibition act should allege that such possession or unlawful act was without proper or legal permit. In *People* v. *Tate,* 316 Ill. 52, we again held that an indictment or information under the Prohibition act must show on its face that the possession or sale of intoxicating liquor charged was a possession or sale prohibited by the act; but where the counts are as fully descriptive of the offenses as is the language of the statute and allege every substantial element of the offense as defined by the statute such counts are sufficient, and any equivalent language that excludes with the same certainty the exceptions contained in the act defining the crime may with equal propriety be employed. The foregoing decisions of this court must now be regarded as stating the law, and under these holdings it is clear that the judgment of the court should have been arrested on motion of the defendants because of the insufficiency of the information in this case.

Section 4 of the Prohibition act provides that the following articles, after having been manufactured and prepared for market, shall not be subject to the provisions of the act, to-wit: medicinal preparations manufactured in accordance with formulas prescribed by the United States pharmacopœia, etc., and patented, patent and proprietary medicines that are unfit for use for beverage purposes. Section 5 of the act provides that no person shall sell, barter, furnish, give away or possess any of the articles mentioned in section 4 which contain one-half per cent or more of alcohol by volume, whether fit or unfit for beverage use, in any restaurant, pool room, shoe-shining parlor, bowling alley, ice cream parlor, soft drink establishment or public place where liquid refreshments of any kind are served. It

also provides that nothing in said section shall be construed to prohibit the sale of any articles mentioned in section 4 which are unfit for beverage purposes, in a *bona fide* drug store, *bona fide* general store or *bona fide* grocery store. It should be further stated that the three decisions of this court above cited do not lay down the full requirements for a sufficient information or indictment under the Prohibition act in cases wherein the prosecution is against a defendant who conducts a restaurant, pool room, shoe-shining parlor, bowling alley, ice cream parlor, soft drink establishment or public place where liquid refreshments are served, for the unlawful sale of any of the articles mentioned in section 4. In such cases the proprietors of such places as above named are prohibited from selling any of the articles mentioned in section 4 which contain one-half per cent or more of alcohol by volume, whether fit or unfit for beverage use. In prosecutions for such offenses it should be averred in the information or indictment that the defendant is conducting some one of the establishments aforesaid that are prohibited from selling the articles mentioned in section 4, and that he did unlawfully, etc., sell, barter, furnish, give away or possess some one or more of the articles above mentioned in that section. It should also be further averred that the article sold is intoxicating or that it contained one-half per cent or more of alcohol by volume, and that the article should be described as it is described in some one of paragraphs (*a*,) (*b*,) (*c*,) (*d*,) (*e*) and (*f*) of section 4. Unless the allegations above indicated are made in such cases the defendant may not be informed of the precise offense with which he is charged, and that he is charged as one of a class of persons that are prohibited from selling the particular article.

In their motion for a new trial plaintiffs in error question the validity of the Prohibition act, and particularly sections 2, 3, 4, 5, 7 and 27. The provisions of sections 2, 3 and 7 which they contend are invalid are the following:

In section 2, the provision that the Attorney General may by regulation prescribe the manner of sealing and labeling bottles, casks or containers of beverages containing less than one-half per cent of alcohol by volume; in section 3, the provision that liquor for non-beverage purposes and wine for sacramental purposes may be manufactured, sold, possessed, etc., and the Attorney General may, on application, issue permits therefor; in section 7, the provision that any person who in the opinion of the Attorney General is conducting a *bona fide* hospital or sanitarium engaged in the treatment of persons suffering from alcoholism, may, under such rules and regulations as the Attorney General or Commissioner of Prohibition may prescribe, purchase and use under such methods, etc., liquor to be administered to patients of such institutions under the directions of a duly qualified physician, etc. Section 27 provides that it shall be unlawful for any person to own, operate or maintain, or have in his possession or any interest in, a still, without a permit from the Attorney General.

None of the provisions of sections 2, 3, 7 and 27 in any way concern or affect the plaintiffs in error in this case unless their being included in the act would render the whole act void, and it is clear that these provisions of themselves would not render the whole act void.

It is contended by plaintiffs in error that discretionary powers are by this act vested in the Attorney General or the Commissioner of Prohibition, and to that extent the application of the act is left to the arbitrary discretion of such officers and virtually amounts to a delegation of legislative authority. Admitting that that may be true, the eighteenth amendment to the Federal constitution prohibits absolutely the manufacture, sale or transportation of intoxicating liquors within the United States and all territories subject to its jurisdiction, for beverage purposes, and provides that Congress and the States shall have concurrent power to enforce such provisions by appropriate legislation.

The Prohibition act is an appropriate act for enforcing the provisions of the constitution. If legislative power is delegated to the Attorney General or Commissioner of Prohibition, as claimed, the act is still a valid act and appropriate for the enforcement of the constitutional provision, as already stated, without the inclusion of the provisions aforesaid with reference to the Attorney General and the Commissioner of Prohibition. A charge in an indictment or information that the unlawful act was committed without a proper or legal permit or legal authority would be a sufficient averment to negative the right or authority of the defendant to do the act in question, and if it should appear in such indictment or information that the averment was that the defendant had no legal permit or authority from the Attorney General or Commissioner of Prohibition to do the alleged illegal act, the words "Attorney General" or "Commissioner of Prohibition" might be regarded as surplusage. *People* v. *Williams,* 309 Ill. 492.

It is contended by plaintiffs in error that the bottle designated as exhibit 2, and called "Stomach bitters," contained patented or proprietary medicine. The People evidently so regarded it, as their instruction No. 8 stated that it is unlawful to keep for sale or to possess in a soft drink parlor any patented or proprietary medicine, whether fit or unfit for beverage use, which contains more than one-half of one per cent of alcohol by volume. Plaintiffs in error insist that sections 4 and 5 of the act are discriminatory and amount to class legislation, and are void because the statute permits *bona fide* drug stores, *bona fide* general stores and *bona fide* grocery stores, only, to sell such patent or patented medicines, and prohibits proprietors of soft drink parlors and the other proprietors mentioned in section 5 from selling such patent or patented articles under any circumstances if they contain one-half or more per cent of alcohol. It is a well known fact that keepers of soft drink parlors, restaurants and some of the other proprietors men-

tioned in section 5 often resort to the sale of intoxicating liquors under the cloak of their business, and Congress and the legislature have the undoubted constitutional power to prohibit such proprietors from selling intoxicating liquors under any and all conditions and at the same time permit *bona fide* drug stores and other such stores to sell the same under proper regulations or even without any regulation, if there is any substantial reason existing for the theory that such stores are not generally found among those whose proprietors resort to the illegal sale of intoxicating liquors under the cloak of their business. The legislature having such power also has the further right and power to judge for itself as to all establishments that should be designated in the prohibited class as not privileged to sell such patent or patented medicines. There are reasonable and substantial grounds for making such classification, and such classification and regulation are reasonably necessary to enforce the provisions of the eighteenth amendment.

For the foregoing reasons the sections questioned are not void because of illegal discrimination against plaintiffs in error. Whether or not the provision allowing the stores above mentioned to sell patent and patented articles is sufficiently broad to include all others that might or should be allowed to sell such articles, and for that reason is discriminatory and void as to such other persons, is immaterial in this decision. It is sufficient to say that it is not void and an illegal discrimination against plaintiffs in error and all the others in their class enumerated in section 5, and that if said sections are void as to any other persons it would not render the act void as to plaintiffs in error.

There are other errors assigned on this record, but it is not necessary to pass upon them as the judgment of the court will have to be reversed for the reasons aforesaid, and it is reversed. *Judgment reversed.*