The People of the State of Illinois, Defendant in Error,
v. Dora Niles, Plaintiff in Error.

Gen. No. 8,298.

Opinion filed April 17, 1929.

RAYMOND G. REAL, for plaintiff in error.

C. M. WEINLEIN, for defendant in error.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

An information consisting of four counts was filed by the State's Attorney of Coles county in the county court charging Dora Niles, plaintiff in error and hereinafter referred to as defendant, with violations of the Illinois Prohibition Act, Cahill's St. ch. 43. She was convicted under each count and sentenced under the first count to serve sixty days in the county jail and to pay a fine of $500; under the second count to,

serve sixty days in the county jail; under the third count to serve sixty days in the county jail and to pay a fine of $500; and under the fourth count to serve sixty days in the county jail, all sentences to run consecutively. A motion was made to quash the information, which was overruled and a motion was also made in arrest of judgment which was overruled.

It is contended by defendant that the second and fourth counts do not charge any violation of the Prohibition Act, Cahill's St. ch. 43. These two counts are identical in language except as to the dates of the commission of the offenses. The allegation in each count describing the offense, after the preliminary averments, is, "did then and there unlawfully possess intoxicating liquor for beverage purposes, without then and there having lawful permit therefor." The sufficiency of informations and indictments for violations of the various provisions of the Prohibition Act of this State have been considered and passed upon in many cases, but in none of which has the offense been charged in the identical words used in the information in this case. In the late case of *People v. Holton,* 326 Ill. 481, the court said in regard to the indictment in that case: "The eighth count of the indictment, plaintiff in error contends, is fatally defective because it fails to charge that he did not have a permit from the Attorney General. That count charges that plaintiff in error unlawfully and wilfully possessed intoxicating liquor; that the possession of the liquor was prohibited and unlawful and in violation of section 28 of the Prohibition Act, Cahill's St. ch. 43, ¶ 29, and that the liquor was possessed by plaintiff in error with intent to use it in violation of the act. It is not sufficient merely to charge an offense in the statutory language where the statute does not describe the act or acts which constitute the crime or where by its generality the statute embraces acts which it was not intended to punish.

A count in an information or indictment charging the unlawful ownership or possession of intoxicating liquor under the Prohibition Act, Cahill's St. ch. 43, should allege that such ownership or possession was without the proper or legal permit. (*People v. Lewis,* 319 Ill. 154; *People v. Larson,* 318 id. 615; *People v. Nelson,* 318 id. 424; *People v. Berman,* 316 id. 547; *People v. Wallace,* 316 id. 120; *People v. Barnes,* 314 id. 140; *People v. Martin,* 314 id. 110.) The allegations of the eighth count do not dispense with the necessary allegation of the want of the requisite permit, and the motion in arrest of judgment made by plaintiff in error in respect of that count should have been sustained."

In the case of *People v. Masor,* 238 Ill. App. 1, the information charged that the defendant did unlawfully "have in his possession intoxicating liquors for beverage purposes without a permit, said intoxicating liquors not being intended for medicinal or sacramental purposes, in violation of section 3, Illinois Prohibition Act," and it was held, in substance, that the averments therein were but conclusions of law and not statements of facts. In the case of *People v. Martin,* 314 Ill. 110, the second count of the indictment charged that the defendant, "did then and there unlawfully have and possess intoxicating liquor, contrary to the form of the statute." The court in that case held: "The use of the word 'unlawfully' in connection with the allegation of possession does not have any effect, inasmuch as the use of this word represents merely the conclusion of the pleader and does not state any fact from which the inference of unlawfulness would arise." Section 3 of the Prohibition Act, Cahill's St. ch. 43, ¶ 3, provides, among other things, that no person shall on or after the date when this act goes into effect possess any intoxicating liquor except as authorized in the act. Section 28 provides that it shall be unlawful to have or possess any liquor intended for use in

violating the act. These two sections are the only ones in relation to the unlawful possession of liquor. It was held in the case of *People v. Barnes,* 314 Ill. 140: "The words 'except as authorized in this act,' in section 3, show a legislative intent that the exceptions made constitute integral and essential elements of the offenses defined in the third and twenty-eighth sections of the act. These exceptions are so incorporated in the language defining the offenses that their ingredients are not actually described in an indictment which charges that plaintiff in error unlawfully manufactured, possessed, kept for sale or sold certain intoxicating liquor, or that she had in her possession property designed and intended for use in the unlawful manufacture of intoxicating liquor, hence each count of the indictment is fatally defective. The motion to quash the indictment should have been sustained." In the *Barnes* case the second count of the indictment charged that the defendant, "did then and there unlawfully possess certain intoxicating liquor, said intoxicating liquor then and there containing more than one-half of one per cent of alcohol by volume." The Prohibition Act, Cahill's St. ch. 43, does not make the possession of intoxicating liquor unlawful under all circumstances. The statute provides that such possession may be lawful when it is possessed under a prescription by a physician, by a permit from the Attorney General, for sacramental and certain other purposes, and section 40 of the act, Cahill's St. ch. 43, ¶ 41, provides: "It shall not be unlawful to possess liquors in one's private dwelling while the same is occupied and used by him as his dwelling only, provided such liquors were lawfully acquired and are for use only for the personal consumption of the owner thereof and his family residing in such dwelling and of his bona fide guests when entertained by him therein." In the *Barnes* case, *supra,* it is further held that

if an act is prohibited under certain conditions, the indictment must allege the circumstances for the purpose of showing that the prohibited act constituting the crime has been committed. An information simply charging that a person possessed intoxicating liquor "without a lawful permit" is wholly insufficient to charge a violation of the Prohibition Act either under section 3 or section 28, Cahill's St. ch. 43, ¶¶ 3, 29. The word "lawful" before the word "permit" is simply a conclusion of the pleader and adds no force to the description of a crime, and the word "unlawfully" before the word "possess" likewise has no legal significance. These two counts of the information simply charge, in effect, that the defendant did possess intoxicating liquor for beverage purposes without a permit therefor.

The People asked and the court gave but three instructions. These instructions are as follows:

"1. The Court instructs the jury that although a defendant has a right to be sworn and give testimony in his own behalf, the jury should give it such weight as they believe it fairly entitled to, and his credibility, and the weight to be given to his testimony, are matters exclusively for the jury; and the defendant's interest in the result of the trial is a matter proper to be taken into consideration by the jury in determining what weight ought to be given to his testimony.

"2. The Court further instructs the jury that the doubt which the juror is allowed to retain in his own mind, and under the influence of which he should frame a verdict of not guilty, must always be reasonable doubt. A doubt produced by undue sensibility in the mind of any juror, in view of the consequences of his verdict, is not a reasonable doubt, and a juror is not allowed to create sources or materials of doubt by resorting to trivial and fanciful suppositions and remote conjectures as to possible state of fact different from that established by the evidence.

"3. The Court instructs the jury, in the language of Section 28 of the Illinois Prohibition Act, that it shall be unlawful to have or possess any liquor intended for use in violation of this act, or property designed for the illegal manufacture of liquor, and no property rights shall exist in any such liquor or property."

It has been repeatedly held that the term "reasonable doubt" is one of common meaning and understanding and no instruction should be given in a criminal case which attempts to define it. The second and fourth counts of the information based upon the possession of intoxicating liquor being bad the third instruction should not have been given. As to the first instruction under the circumstances in this case we think it fairly comes within the rule laid down in the case of *People v. Harvey,* 286 Ill. 593. The only witness for the People who testified in regard to the sale of the liquor by the defendant under the first and third counts of the information, was an investigator employed by the State's Attorney and the only witness for the defense on this question was the defendant herself. Under similar circumstances in the case of *People v. Harvey, supra,* two instructions of like import were given. The court held in that case that the giving of such an instruction, under such circumstances, tends to discredit the testimony of the defendant and puts him in an inferior class from other witnesses. In our opinion all three of these instructions under the circumstances in this case were erroneous.

The judgments of the county court under the second and fourth counts of the information are reversed and the judgments under the first and third counts are reversed and the cause remanded as to said first and third counts.

*Reversed and remanded.*