### JIM DAVIS v. THE STATE.

#### No. 1670.  Decided April 3, 1912.

**1.—Keeping Disorderly House—Information—Surplusage.**

Where the information alleged that the defendant was directly and indirectly connected with keeping a disorderly house, the word, "indirectly" may be treated as surplusage.

**2.—Same—Charge of Court—Agency.**

Where the information charged the offense of keeping a disorderly house, and that the same was occupied, etc., directly and indirectly by the defendant, and the court only submitted the question of direct occupancy, it is unnecessary to pass upon the question of agency, the word "indirectly" being surplusage.

Appeal from the County Court of Dallas County at Law.   Tried below before the Hon. W. F. Whitehurst.

Appeal from a conviction of keeping a disorderly house; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—Appellant was convicted and given the lowest penalty for keeping a disorderly house.

Under our statute (Penal Code, article 496), a disorderly house, among other things, is defined as, any house to which persons resort for the purpose of smoking, or in any manner using opium.  Article 500, Penal Code, is: "Any person who shall, directly or as agent for another, or through any agent, keep or be concerned in keeping, or aid, or assist or abet in keeping . . . a disorderly house in any house, building, edifice, or tenement, or shall knowingly permit the keeping of a . . . disorderly house in any house, building, edifice or tenement owned, leased, occupied or controlled by him, directly (or) as agent for another, or through any agent, shall be deemed guilty, etc. . . ." The complaint and information in this case strictly follow these statutes in charging the offense, except that in the last part it charged that the house was occupied, etc., by the said appellant "directly and indirectly." A motion was made to quash the complaint and information because of the use of the last two words just above quoted, "and indirectly." No other objection is made to the complaint and information. Without these latter words which appellant complains of, the complaint and information are unquestionably complete and charge an offense under the statute above noted. These last two words may, under all the authorities, be considered as surplusage and do not affect the remainder of the complaint and information. See cases cited under section 382, p.

285, of White's Code Criminal Procedure. The charge of the court limited the finding of the jury to the occupancy, etc., by the appellant "directly" and did not submit to them any "indirect" occupancy, etc. It is, therefore, unnecessary for us to determine whether the charge in the complaint and information that the appellant occupied, etc., "indirectly" would take the place of and supply the language of the statute above quoted to the effect "as agent for another, or through any agent."

There is no statement of facts in the case and, therefore, this court can not pass upon any of the other questions attempted to be raised by the motion for a new trial.

The judgment will, therefore, be affirmed.

*Affirmed.*