(No. 12877.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MARTIN KRAUSE, Plaintiff in Error.

*Opinion filed December 17, 1919—Rehearing denied Feb. 4, 1920.*

1. CRIMINAL LAW—*when an information charging violation of the Medical Practice act is sufficient.* An information charging a violation of the provision of the Medical Practice act requiring a license to treat human ailments without medicine or operative surgery is sufficient which charges the offense substantially in the language of the statute and describes the particular act of the defendant relied upon as constituting such violation, specifying the time, place, name of person treated and the method of treatment.

2. SAME—*when refusal of instructions is not ground for reversal.* If the defendant is clearly guilty of the offense charged and no other verdict could properly have been reached under the evidence, the refusal of certain instructions is not ground for reversal even though they might properly have been given.

3. SAME—*instructions not supported by the evidence need not be given.* Instructions not supported by the evidence need not be given in a criminal case even though they state correct propositions of law.

4. SAME—*what is not treatment by mental or spiritual means.* Treatment by rubbing and manipulating the limbs and body of a patient is not treatment by mental or spiritual means, even though the practitioner claims to heal through the influence of the spirits by laying hands on the patient and asking the Deity to make the patient well. (*People* v. *Gordon,* 194 Ill. 560, and *People* v. *Kane,* 288 id. 235, followed.)

WRIT OF ERROR to the Second Branch Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. JOHN RICHARDSON, Judge, presiding.

ALONZO M. GRIFFEN, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, MACLAY HOYNE, State's Attorney, ALBERT D. RODENBERG, and EDWARD E. WILSON, for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff in error was convicted in the municipal court of Chicago of a violation of the Medical Practice act of Illinois. The judgment of the municipal court was affirmed by the Appellate Court, and this writ of error is prosecuted to review the decision of that court.

It is insisted that the municipal court erred in denying the motion to quash the information and in refusing to give certain instructions offered by plaintiff in error. The information, omitting the formal parts, charged "that Martin Krause, late of the said city of Chicago, heretofore, to-wit, on the 10th day of December, A. D. 1917, at the city of Chicago, aforesaid, not being then licensed to treat human ailments without the use of drugs or medicines and without operative surgery, did at the place and on the date afore-

291 — 5

said treat human ailments without the use of drugs or medi-. cines and without operative surgery; that at the place and on the date aforesaid the said Martin Krause did treat one Miss Morley by rubbing and by laying on of the hands and otherwise manipulating upon the person of said Miss Morley, contrary to the form of the statute in such case made and provided and against the peace and dignity of the People of the State of Illinois."

Section 2 of the Medical Practice act provides: "No person shall practice * * * any system. or method of treating human ailments without the use of drugs or medicines and without operative surgery, * * * without a license so to. do." Section 20 of the act provides: "Any person shall be regarded as practicing medicine or treating human ailments, within the meaning of this act, who shall treat or profess to treat, operate on or prescribe for any physical ailment or any physical injury to or deformity of another," excepting therefrom, among others, "the treatment of the sick or suffering by mental or spiritual means without the use of any drug or material remedy."

The information is not subject to the objections urged. The statute itself clearly defines the offense, and the information charges the offense substantially in the language of the statute and is therefore sufficient. (*People* v. *Schreiber,* 250 Ill. 345.) The offense was stated plainly enough to be readily understood by the jury, and it informed the defendant of the offense with which he was charged so that he could properly prepare his defense. This is all the law requires. (*Glover* v. *People,* 204 Ill. 170; *People* v. *Green,* 276 id. 346; *People* v. *Robertson,* 284 id. 620.) It was not necessary for the information to negative the exceptions. *Kettles* v. *People,* 221 Ill. 221; *People* v. *Butler,* 268 id. 635.

The record shows that two women inspectors employed by the city of Chicago called at defendant's place of business and found him treating an old man; that defendant's

wife gave Miss Morley a reading, telling her, among other things, that she was suffering from lung trouble; that Miss Morley told her that she did not think she had that trouble but if the reader had told her that she had stomach trouble she might have believed her; that defendant's wife then said it made no difference what her trouble was, her husband would give her a treatment which would cure her; that the inspectors then went out into the room where defendant was and found him treating a woman; that defendant invited Miss Morley to sit down on a chair and remove her coat and hat; that the defendant placed her feet and put her hands on her knees; that he then manipulated her shoulders and her back; that he put his hand on her forehead and put his head to her back and listened; that he continued this treatment for fifteen minutes and then inquired if she did not feel better; that he charged her fifty cents for the treatment; that she was suffering from no ailment when she was treated by defendant; that defendant had in his window a sign calling himself a spiritualist, but that he said nothing to her about spirits.

Plaintiff in error contends that he heals through the influence of the spirits; that he lays his hands on the patient and asks the Deity to make the sick person well and that he gave such a treatment to Miss Morley, and that therefore he comes within the exception to the statute and is not required to have a license. That the contentions of plaintiff in error cannot be sustained is our holding in *People* v. *Gordon,* 194 Ill. 560, and in *People* v. *Kane,* 288 id. 235. The reasons for our conclusion are fully set forth in those opinions and it would serve no good purpose to re-state them here.

This conclusion disposes of the contention that the court erred in refusing certain instructions. Even if it be conceded that the instructions stated correct propositions of law, they were not supported by the evidence in this case. Furthermore, it would not justify a reversal of the case even

if it be conceded that they might properly have been given, because the defendant was clearly guilty of the act charged and no other verdict could be reached under the evidence in this record. *People* v. *Cleminson*, 250 Ill. 135; *People* v. *Murphy*, 276 id. 304.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*