(No. 15564.—Judgment reversed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ELLEN BARNES, Plaintiff in Error.

*Opinion filed October 28, 1924—Rehearing denied Dec. 3, 1924.*

1. CRIMINAL LAW—*an indictment should allege every substantial element of offense.* An indictment or information charging an offense defined by statute should be as fully descriptive of the offense as is the language of the statute and should allege every substantial element of the offense, including all conditions or circumstances to constitute the crime, and where intent is made a part of the offense it must be alleged and proved.

2. SAME—*when exception in statutory definition of offense must be negatived in indictment.* An exception or proviso in a statute defining an offense must be negatived in an indictment when the exception is so incorporated with the substance of the definition of the offense as to constitute a material part of the description of the acts, omissions or other ingredients which constitute the crime.

3. SAME—*when it is not sufficient to charge offense in language of statute.* It is not sufficient to charge an offense in the language of the statute, alone, where the statute does not describe the act or acts which constitute the crime or where by its generality the statute embraces acts which it was not intended to punish.

4. SAME—*purpose of section 9 of bill of rights as to charging an offense.* The purpose of section 9 of the bill of rights in the constitution, providing that in all criminal prosecutions the accused shall have the right to demand the nature and cause of the accusation against him, is to secure to the accused such specific designa-

tion of the offense laid to his charge as will enable him to prepare fully for his defense and to plead the judgment in bar of a subsequent prosecution for the same offense.

5. PROHIBITION—*when indictment does not sufficiently allege a violation of Prohibition act.* An indictment which alleges that the defendant did "unlawfully" manufacture, keep for sale and sell certain intoxicating liquor, and that she did "unlawfully" have in her possession property designed for use in the manufacture of liquor, is not sufficient to allege a violation of the act or the commission of the offense defined therein, as the exceptions in section 3 of the Prohibition act defining the offense are integral and essential elements which should be negatived in the indictment; and the use of the word "unlawfully" does not cure the defect.

STONE, J., DUNCAN, C. J., and FARMER, J., dissenting.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. EDWARD BARRY, Judge, presiding.

D. J. SAMMON, and JOHN E. DOUGHERTY, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, LESTER H. MARTIN, State's Attorney, GEORGE C. DIXON, and JOSEPH W. DEPEW, for the People.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Ellen Barnes, the plaintiff in error, was indicted by the grand jury at the April, 1923, term of the circuit court of McLean county for violation of the Illinois Prohibition act. The indictment consists of five counts. The first count charges that she "unlawfully did then and there manufacture certain intoxicating liquor;" the second, that she "did then and there unlawfully possess certain intoxicating liquor;" the third, that she "unlawfully did then and there keep for sale certain intoxicating liquor;" the fourth, that she "unlawfully did then and there sell certain intoxicating liquor;" and the fifth, that she "unlawfully did then and there have in her possession property designed and intended for use

in the unlawful manufacture of intoxicating liquor." The words "intoxicating liquor" in the first four counts above quoted are followed in each of those counts by the recital, "said intoxicating liquor then and there containing more than one-half of one per cent of alcohol by volume." A motion to quash the indictment was made by the plaintiff in error on the grounds, among others, that (1) the indictment, and each of its counts, is insufficient to charge an offense against the law; and (2) the Illinois Prohibition act is unconstitutional. The motion was overruled. On the trial the jury returned a verdict finding the plaintiff in error guilty on all the counts of the indictment. Motions for a new trial and in arrest of judgment were overruled and the plaintiff in error was sentenced on each count to pay a fine of $300 and also the costs. On the ground that a constitutional question is involved the cause comes to this court directly.

Numerous errors are assigned, but the plaintiff in error in her brief and argument relies only on two points: First, that the indictment, and each count thereof, is insufficient and should have been quashed by the trial court; and second, that the Illinois Prohibition act is unconstitutional because (a) the act, in making the manufacture of liquor an offense without specifying that it was for beverage purposes, contravenes the eighteenth amendment to the Federal constitution; and (b) nothing in that amendment authorizes the General Assembly to enact a law making it a crime to possess implements designed or intended for use in the manufacture of intoxicating liquor.

Section 3 of the Illinois Prohibition act (Smith's Stat. 1923, p. 835,) provides: "No person shall on or after the date when this act goes into effect, manufacture, sell, barter, transport, deliver, furnish or possess any intoxicating liquor except as authorized in this act, and all the provisions of this act shall be liberally construed to the end that the use of intoxicating liquor as a beverage may be prevented. Liq-

uor for non-beverage purposes and wine for sacramental purposes may be manufactured, purchased, sold, bartered, transported, delivered, furnished and possessed, but only as herein provided, and the Attorney General may, upon application, issue permits therefor, but in case the office of commissioner of prohibition shall be created, then such commissioner shall issue said permits: *Provided,* that nothing in this act shall prohibit the purchase and sale of warehouse receipts covering distilled spirits on deposit in government bonded warehouses." Section 28 of the same act (Smith's Stat. 1923, p. 839,) provides: "It shall be unlawful to have or possess any liquor intended for use in violating this act or property designed for the illegal manufacture of liquor, and no property right shall exist in any such liquor or property."

The word "liquor," or the phrase "intoxicating liquor," when used in the act, is defined by its second section (Smith's Stat. 1923, p. 834,) to include various liquors "which are fit for use for beverage purposes." The third section above quoted requires a liberal construction of the act to the end that the use of intoxicating liquor as a beverage may be prevented; and the same section permits liquor for non-beverage purposes to be manufactured, purchased, sold, bartered, transported, delivered, furnished and possessed in the manner prescribed by the act. The use of intoxicating liquor for beverage purposes is prohibited, but its use for non-beverage purposes is, under certain conditions, expressly authorized. To manufacture, possess, sell, barter, transport, deliver or furnish intoxicating liquor will, if unauthorized, offend against section 3, but if authorized as the act provides these acts will not violate that section. The possession of liquor, to constitute an offense under section 28, must be with the intent to use it in violation of the act. Such an intent is a necessary element of the offense defined by section 28. The various acts specified in section 3 may be lawful or unlawful, hence a definite charge

cannot be made under the act without an allegation that
the accused person is not within the exceptions contained in
the statute.

An indictment or information charging an offense de-
nounced and defined by statute should be as fully descriptive
of the offense as is the language of the statute and should
allege every substantial element of the offense as defined
by the statute. (14 R. C. L. p. 185.) In determining
whether or not an exception or proviso in a statute must
be negatived in an indictment, the real question is not the
location in the statute of such exception or proviso, but
whether either is so incorporated with the substance of the
definition of the offense as to constitute a material part of
the description of the acts, omissions or other ingredients
which constitute the offense. The offense must be accu-
rately and clearly described, and if the exception or pro-
viso is so incorporated with the clause or section describing
the offense that it becomes, in fact, a part of the descrip-
tion, it must not be omitted in the pleading. If, therefore,
the language of the exception or proviso found in any part
of the statute must be regarded as descriptive of the offense
created by such statute, then the exception or proviso must
be negatived. (*United States* v. *Cook,* 84 U. S. 168.) If
an act is prohibited under certain conditions, the indictment
must allege the circumstances for the purpose of showing
that the prohibited act constituting the crime has been
committed. (*Sokel* v. *People,* 212 Ill. 238.) Where an
act is not in itself necessarily unlawful but becomes so
by its circumstances, all the matters necessary to show its
illegality must be stated in the indictment or information.
(14 R. C. L. p. 175.) The charge as alleged must be an
offense against the law, and if the facts alleged may all be
true and yet constitute no offense the indictment is insuf-
ficient. (14 R. C. L. p. 174.) An indictment should set
forth every element of which the offense is composed, and
where the intent is made a part of the offense it should be

alleged in the indictment and proved on the trial. *United States* v. *Cook, supra; United States* v. *Wentworth & O'Neill,* 11 Fed. 52; *United States* v. *Dowling,* 278 id. 630; *Beasley* v. *People,* 89 Ill. 571.

To sustain the indictment defendant in error invokes section 39 of the act, which provides: "It shall not be necessary in any affidavit, information or indictment * * * to include any defensive negative averments, but it shall be sufficient to state that the act complained of was then and there prohibited and unlawful." It is not sufficient to charge an offense in the language of the statute, alone, where by its generality it may embrace acts which it was not the intent of the statute to punish. Such facts must be alleged that, if proved, defendant cannot be innocent. (31 Corpus Juris, p. 713.) The pleader must either charge the offense in the language of the statute or specifically set forth the facts constituting it. But where the statute creating a new offense does not describe the act or acts which compose it, the pleader is required to state them specifically. (*Johnson* v. *People,* 113 Ill. 99.) Section 9 of the bill of rights provides that in all criminal prosecutions the accused shall have the right to demand the nature and cause of the accusation against him. The purpose of this guaranty is to secure to the accused person such specific designation of the offense laid to his charge as will enable him to prepare fully for his defense and to plead the judgment in bar of a subsequent prosecution for the same offense. *West* v. *People,* 137 Ill. 189; *People* v. *Clark,* 256 id. 14; *People* v. *Covitz,* 262 id. 514.

Defendant in error also relies upon section 40 of the act, which provides: "The possession of liquors by any person not legally permitted under this act to possess liquor shall be *prima facie* evidence that such liquor is kept for the purpose of being sold, bartered, exchanged, given away, furnished, or otherwise disposed of in violation of the provisions of this act." The presumption arises only from pos-

session by a person not legally permitted under the act to possess liquor. If the possession is lawful, by authority of the act, then no such presumption can arise.

The first, second, third and fourth counts, respectively, charge that the plaintiff in error unlawfully did manufacture, possess, keep for sale and sell intoxicating liquor containing more than one-half of one per cent of alcohol by volume. The fifth count charges that she unlawfully had in her possession property designed and intended for use in the unlawful manufacture of like intoxicating liquor. No additional fact is alleged in any of these counts from which unlawful conduct by the plaintiff in error can be inferred. By the use of the words "unlawfully" and "unlawful" in these counts no fact is stated. They are merely the conclusions of the pleader and are legally ineffective. (*United States* v. *Horton,* 282 Fed. 731.) The respective counts then merely charge the manufacture, possession, keeping for sale and sale, and the possession of property designed and intended for use in the manufacture, of intoxicating liquor. All of these allegations may be true and yet they do not necessarily constitute an offense. The acts charged may comport with lawful conduct as well as with violations of the act. The words "except as authorized in this act," in section 3, show a legislative intent that the exceptions made constitute integral and essential elements of the offenses defined in the third and twenty-eighth sections of the act. These exceptions are so incorporated in the language defining the offenses that their ingredients are not actually described in an indictment which charges that plaintiff in error unlawfully manufactured, possessed, kept for sale or sold certain intoxicating liquor, or that she had in her possession property designed and intended for use in the unlawful manufacture of intoxicating liquor, hence each count of the indictment is fatally defective. The motion to quash the indictment should have been sustained.

It is not necessary to consider the other point urged by the plaintiff in error.

The judgment of the circuit court of McLean county will be reversed.

*Judgment reversed.*

Mr. JUSTICE STONE, dissenting:

I cannot agree with the majority opinion. It is the general rule in regard to indictments or informations for statutory offenses, that where an act is made criminal, with the exceptions embraced in the enacting clause, so as to be a part of the description of the offense intended to be punished, it is necessary, in the indictment charging the act, to negative the exceptions so as to show affirmatively that the crime defined was committed. (*Dreyer* v. *People,* 188 Ill. 40; *Beasley* v. *People,* 89 id. 571.) However, by section 39 of the Prohibition act it is expressly provided: "It shall not be necessary in any affidavit, information or indictment, to give the name of the purchaser or to include any defensive negative averments, but it shall be sufficient to state that the act complained of was then and there prohibited and unlawful, but this provision shall not be construed to preclude the trial court from directing and furnishing the defendant a bill of particulars, when it deems it proper to do so." It is obvious that it was the intention of the legislature to change the rule above referred to, and if that body has the power to do so this court is bound by such change. We are referred to no section of the constitution depriving the legislature of that power. The constitutional right of one charged with crime, under section 9 of the bill of rights, to know the nature of the offense charged against him is not violated, for the reason that the indictment charges that he illegally possessed the liquor. Section 39 entitles him to a bill of particulars in a proper case. The opinion in this case does not hold section 39 unconstitutional and the meaning of its language cannot be mistaken. This court, as I view it, cannot disregard the plain legislative enactment.

Section 3 of the Prohibition act provides: "No person shall on or after the date when this act goes into effect, manufacture, sell, barter, transport, deliver, furnish or possess any intoxicating liquor except as authorized in this act, and all the provisions of this act shall be liberally construed to the end that the use of intoxicating liquor as a beverage may be prevented." Section 28 provides: "It shall be unlawful to have or possess any liquor intended for use in violating this act or property designed for the illegal manufacture of liquor, and no property right shall exist in any such liquor or property." This section is directed against the illegal manufacture and sale of intoxicating liquor and instruments for the manufacture thereof. When a defendant is charged with the unlawful sale of intoxicating liquor or the unlawful possession of the same or of such instruments, it cannot be doubted that he is informed of the nature of the charge against him. This is all that is required under section 9 of the bill of rights. An indictment meets the constitutional requirement when it, by statutory description or by other apt averments, identifies the offense. *People* v. *Clark,* 256 Ill. 14; *Cochran* v. *People,* 175 id. 28; *West* v. *People,* 137 id. 189.

Courts of other States and Federal courts have passed upon this question. In *Krusoczky* v. *State,* 140 N. E. (Ohio) 614, it was held that in a prosecution for the unlawful possession of intoxicating liquor it was not necessary to aver that it was possessed or used for beverage purposes. In that case the Supreme Court of Ohio considered the sufficiency of an information under a statute similar to ours, where it was contended that the information was insufficient by reason of failure to allege that the intoxicating liquor was possessed for beverage purposes. That court said: "It is to be noted that the language of the sections quoted makes the offense consist in unlawfully possessing intoxicating liquors, and when that fact appears, in plain violation of the language of the statute, it is not necessary to go fur-

ther forward and aver that the same are possessed for any particular purpose, as the lawful purposes for which such liquor may be possessed are affirmatively set forth in the statute, and it is the unlawful possession that is averred in the affidavit; hence a complete crime is charged without the addition of the language, to be used 'for beverage purposes.' The Crabbe act, so called, simply outlaws intoxicating liquor except for the purposes therein specified, and the force and effect of the act are, that one who possesses intoxicating liquor is guilty of an offense unless such possession comes within the exceptions thereto, which exceptions may be affirmatively established as a matter of defense." So in *Gavalis* v. *State*, 135 N. E. (Ind.) 147, it was held that where the act defines intoxicating liquor, an indictment for having possession thereof need not allege that the liquor was to be used as a beverage.

The language of the Illinois Prohibition act is similar to that of the national Prohibition act, known as the Volstead act, many sections being the same in both acts. Section 39 of the former is in the identical language of section 32 of title 2 of the national Prohibition act. The decisions of the Federal courts are therefore persuasive in the consideration of this question. In the case of *Massey* v. *United States*, 281 Fed. 293, and *Hensburg* v. *United States*, 288 id. 370, it was held that an indictment for unlawful possession of intoxicating liquor contrary to the national Prohibition act need not, in view of the provisions of section 32 of title 2 of said act, negative the purpose for which the accused may have possessed the liquor. To the same effect are *Davis* v. *United States*, 274 Fed. 928, and *Cabaile* v. *United States*, 276 id. 769. No cases have been cited holding the contrary view. The opinion is not supported by authority and is contrary to these decisions.

DUNCAN, C. J., and FARMER, J.: We concur in the foregoing dissenting opinion of Mr. Justice Stone.