(No. 19080.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* S. G. BROWN, Plaintiff in Error.

*Opinion filed October 19, 1929.*

RAY E. LANE, R. L. RUSSELL, and GEORGE W. RINIER, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOSEF T. SKINNER, State's Attorney, and ROY D. JOHNSON, (WILLIAM W. WILSON, of counsel,) for the People.

Mr. Justice Dietz delivered the opinion of the court:

The plaintiff in error was convicted by a jury and sentenced to pay a fine of $250 in the county court of Bureau county for the violation of the Medical Practice act, upon an information which charged that he "did willfully and unlawfully practice a system or method of treating human ailments without the use of drugs or medicine and without operative surgery, without a valid existing license so to do." The case is brought here for review by writ of error.

The first contention of the plaintiff in error is that the information is not sufficiently specific to advise him of the nature and cause of the accusation or to state an offense punishable under said act. From our view of the case that is the only contention which needs to be considered. Section 9 of article 2 of the constitution provides that in all criminal prosecutions the accused shall have the right to demand the nature and cause of the accusation against him. The purpose of this guaranty is to give the accused such specific designation of the offense as will enable him to prepare his defense and to plead the judgment in bar of a subsequent prosecution for the same offense. *People* v. *Barnes*, 314 Ill. 140; *West* v. *People*, 137 id. 189; *People* v. *Clark*, 256 id. 14; *People* v. *Covitz*, 262 id. 514.

The information is in the language of that portion of section 2 of the Medical Practice act which reads as follows: "No person shall practice * * * any system or method of treating human ailments without the use of drugs or medicines and without operative surgery, without a valid, existing license so to do." It is the position of the defendant in error that the information is sufficient because it is substantially in the language of the statute. The general rule is that it is sufficient to state the offense in the language of the statute, but this rule applies only where the statute sufficiently defines the crime. Where the statute creating the offense does not describe the act or acts

which compose it, they must be specifically averred in the indictment or information. (*People* v. *Barnes, supra; Johnson* v. *People,* 113 Ill. 99; *Kibs* v. *People,* 81 id. 599; *People* v. *Lewis,* 319 id. 154; *McNair* v. *People,* 89 id. 441; *Cochran* v. *People,* 175 id. 28; *Gunning* v. *People,* 189 id. 165; *Prichard* v. *People,* 149 id. 50.) The rule as laid down in Wharton's Criminal Pleading and Practice (sec. 220) is as follows: "On the general principles of common law pleading it may be said that it is sufficient to frame the indictment in the words of the statute in all cases where the statute so far individuates the offense that the offender has proper notice, from the mere adoption of the statutory terms, what the offense he is to be tried for really is, but in no other case is it sufficient to follow the words of the statute. It is no more allowable, under a statutory charge, to put the defendant upon trial without specification of the offense than it would be under a common law charge." See, also, 1 Bishop on Crim. Proc. secs. 369, 370, and cases cited.

Section 2 does not state what act or acts may be regarded as constituting the practice of a system or method of treating human ailments. Neither is such practice elsewhere in the act otherwise defined. As to what constitutes such practice, courts and juries would quite often differ and perhaps no two persons would ever entirely agree. There are certain acts the commission of which everyone will agree would constitute such practice. An information or indictment in which such acts are specifically averred would be a sufficient charge of the violation of the section, but without such averment there is no sufficient statement of the nature and cause of the accusation. The defendant in error relies on *People* v. *Krause,* 291 Ill. 64, and *People* v. *Walder,* 317 id. 524, as authority for the sufficiency of the information here. The information in the *Krause case* was under the act of 1917, in which the phrase "treating human ailments" was specifically defined. Not only that,

but there the information specifically averred the manner of treatment employed and set forth the name of the person so treated. In the *Walder case* the sufficiency of the indictment was not questioned or determined.

The courts of other States in passing upon similar statutes have quite generally held that informations like the one here involved are too vague, uncertain and indefinite to apprise the accused of the nature and cause of the accusation. In *State* v. *Pirlot,* 19 R. I. 695, the indictment charged that the defendant "did unlawfully practice medicine and surgery for reward and compensation, against the form of the statute," without setting forth in what the unlawfulness consisted. A demurrer to this indictment was sustained and the court said: "The rules of criminal pleading require that the offense shall be charged specifically: First, in order that the accused may know precisely what he is to defend against; and secondly, that the record of his acquittal or conviction may be a bar to a subsequent prosecution for the same offense."

A similar indictment was involved in *State* v. *Wilson,* 79 Vt. 379. There it was charged that the defendant "did hold himself out to the public as a physician * * * without having * * * passed the examination required by law * * * and without having received a license." In holding the indictment to be insufficient the court said: "It is generally sufficient to charge the offense in the language of the statute, without a further description, where the act prohibited is itself unlawful, and if the complaint substantially follows the act and by its natural construction charges the offense described therein it will be good. On the other hand, a complaint is not sufficient, though it charges the offense in the exact language of the statute, where the words of the statute do not embrace a definition of the offense or where the acts are not in themselves unlawful. * * * There are various ways in which the respondent might have held himself out to the public as a physician,

and he is entitled to know in what manner the State claims he 'held himself out' before he is compelled to plead. As the rule is sometimes stated, the allegation must descend far enough into particulars and be certain enough in its frame of words to give the respondent reasonable notice of what will be produced against him at the trial. We think the allegation in the indictment does not fulfill the respondent's right, under the constitution, 'to demand the cause and nature of his accusation.' "

In *O'Connor* v. *State*, 46 Neb. 157, the court had under consideration two counts of an information which charged that the defendant (1) "did unlawfully practice medicine," and (2) "did unlawfully practice surgery," without a certificate, contrary to the statute. The statute involved contained a section which specified what should be regarded as practicing medicine, precisely as did the act under consideration in *People* v. *Krause, supra*. It was there said: "The information was insufficient. The pleader should not have stopped with merely saying that on a certain day the defendant unlawfully practiced medicine, but should have averred that defendant, on a day or date stated, did operate, or profess to heal or prescribe for, or otherwise treat, a physical or mental ailment of some person,—set forth facts showing that he did one or all of these acts stated in the law, for some one, for a bodily or mental ailment,—and failure to do this rendered the information fatally defective."

The case of *State* v. *Carcy*, 4 Wash. 424, involved a complaint which charged that the defendant "did then and there unlawfully practice medicine * * * without having first obtained a license." In holding this complaint to be insufficient the court said: "This is a crime not known to the common law,—it is purely statutory,—and if the statute has failed to define it it is not defined at all, and the defendant is called upon to answer to an undefined crime where no particular act constituting the crime is

charged. To meet this objection it is contended by the respondent that everybody knows what the term 'practicing medicine' means. Every person may know what his particular idea of practicing medicine means, but one person's idea as to what it means may differ from another's. It may as well be claimed that everybody knows what 'murder' means, or 'theft,' or 'arson,' but it will not be claimed for a moment that an indictment charging a person with having on a certain day and at a certain time committed the crime of 'murder,' or 'theft,' or 'arson,' without any further description of the crime, would be sufficient, and yet these are terms with a well defined and well understood meaning compared with the term 'practicing medicine.' The fact that one is a common law crime and the other is statutory cannot affect the defendant's right to be informed of the precise nature of the offense with which he is charged, so that he may be enabled to intelligently prepare his defense. In this instance the defendant was compelled to deny a conclusion of law rather than a statement of fact. * * * The indictment must be so specific in the description of the charge that the defendant will be able to avail himself of his acquittal or conviction for protection against a further prosecution for the same cause. Supposing this defendant had seen fit to plead guilty to the indictment and had paid the fine imposed and had afterwards been indicted for practicing medicine on the same day, there could have been nothing in the record to show that it was not for the same offense and no plea in bar could possibly have been made, for there would have been no way to determine that fact, unless it be concluded that a man cannot practice medicine but once in a given day, which is a conclusion unfortunately not warranted by the common experience of mankind. If defendant, Carey, practiced medicine on that day by prescribing, for a fee, for somebody, that fact should have been stated, with the name of the person for whom he prescribed."

The law as stated in the foregoing decisions from other States is in accordance with the rules repeatedly announced by this court and what is there said applies with equal force here. We are of the opinion that the information in this case is not sufficiently specific to advise the accused of the nature and cause of the accusation or to state an offense punishable under said act.

The judgment of the county court is reversed.

*Judgment reversed.*