**The People of the State of Illinois, Defendant in Error, v. Charles Jiras, Plaintiff in Error.**

**Gen. No. 8,441.**

Heard in this court at the December term, 1929. Opinion filed January 26, 1931.

HARRIS & HARRIS and GEORGE G. RINIER, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, GEO. P. O'BRIEN, Assistant Attorney General, and WALLACE A. WALKER, State's Attorney, for defendant in error; R. B. O'HARRA, of counsel.

MR. PRESIDING JUSTICE SHURTLEFF delivered the opinion of the court.

This is a prosecution by indictment for violation of the Medical Practice Act of the State of Illinois, Cahill's St. ch. 91, ¶ 1 et seq. The original indictment in the case was returned by the grand jury at the May Term, 1929, of the circuit court of McDonough county, containing seven counts, i. e., six of said counts, numbers one, three, four, five, six and seven, named plaintiff in error, Charles W. Jiras, and count number two named one Elizabeth Jiras. The jury returned a verdict of guilty on only one count—the fourth count—and the five remaining counts, except number two naming Elizabeth Jiras, are immaterial here.

The second count, omitting the formal allegations, charges that one Elizabeth Jiras, on the 13th day of May, 1929, "did wilfully and unlawfully hold herself out to the public as being engaged in the diagnosis and treatment of ailments of human beings as a profession, not then and there possessing in full force and virtue, a valid license issued by the authority

of the State of Illinois, to practice the treatment of human ailments in any manner.''

The fourth count, omitting the formal allegations, charges that the defendant, Charles Jiras, on the 13th day of May, 1929, ''not then and there possessing a valid license, in full force and virtue, issued by authority of the State of Illinois, to practice the treatment of human ailments in any manner, did then and there maintain an office for the examination and treatment by him, the said Charles Jiras, of persons afflicted and alleged and supposed to be afflicted by human ailments.''

A motion to quash both of these counts of the indictment was made in the trial court and overruled. Motions to require the State's Attorney to elect upon which count or counts he would rely for conviction were made at the opening of the trial and at the close of the People's evidence, both of which were overruled. A motion for a bill of particulars was made at the opening of the trial and overruled. A motion to strike all the People's evidence from the record was made and overruled at the close of the People's case. The defendant pleaded not guilty.

Twelve witnesses testified on behalf of the People, five of whom testified that they had been treated for human ailments by Charles Jiras, who had lived in Colchester for about six years; that the defendant had a place of business on the south side of the railroad track on the street running east and west in the business district of Colchester, Illinois; that business houses occupied the space a block east and one or two blocks west of Jiras' place of business; that in going into his place of business a waiting room is first entered in which are chairs, a desk, a hat rack and the usual reception room furniture. There are four rooms in the building, in one of which are two or three cots, a stove and a table; another is the office room of Charles Jiras, in which the testi-

mony showed there was a long bench table on which the patients lay while taking treatments. The treatments were described as rubbing up and down the spine and, in one instance, hitting at certain places on the backbone. The plaintiff in error received pay for his services amounting to $1 a time at the office and $2 when he visited the home of a person.

During the spring of 1929, Colchester had a scarlet fever epidemic. One of the pupils, Gilford Lester, was absent from school and, on his return, presented a certificate from the defendant showing a physical examination and a statement as to health condition.

It was also shown that within 18 months prior to the filing of the indictment the sign, "Jiras & Jiras, Chiropractors," was on the window of the place of business wherein the treatments by the defendants were given.

The jury rendered a verdict finding the defendant guilty on the fourth count of the indictment, and, after overruling motions for a new trial and in arrest of judgment, the court entered judgment on the verdict and sentenced the defendant to pay a fine of five hundred dollars and costs and to stand committed until said fine and costs were paid. Plaintiff in error has brought the record, by writ of error, to this court for review.

It is first contended that on the motion to quash the court should have quashed the fourth count of the indictment as not stating a cause of action, citing *People v. Brown,* 336 Ill. 257, 258. In *People v. Brown, supra,* the indictment charged that he "did wilfully and unlawfully practice a system or method of treating human ailments without the use of drugs or medicine and without operative surgery, without a valid existing license so to do." The court said:

"The first contention of the plaintiff in error is that the information is not sufficiently specific to advise him of the nature and cause of the accusation

or to state an offense punishable under said act. From our view of the case that is the only contention which needs to be considered. Section 9 of article 2 of the constitution provides that in all criminal prosecutions the accused shall have the right to demand the nature and cause of the accusation against him. The purpose of this guaranty is to give the accused such specific designation of the offense as will enable him to prepare his defense and to plead the judgment in bar of a subsequent prosecution for the same offense. *People v. Barnes,* 314 Ill. 140; *West v. People,* 137 id 189; *People v. Clark,* 256 id. 14; *People v. Covitz,* 262 id. 514.

"The information is in the language of that portion of section 2 of the Medical Practice act which reads as follows: 'No person shall practice . . . any system or method of treating human ailments without the use of drugs or medicines and without operative surgery, without a valid, existing license so to do.' It is the position of the defendant in error that the information is sufficient because it is substantially in the language of the statute. The general rule is that it is sufficient to state the offense in the language of the statute, but this rule applies only where the statute sufficiently defines the crime. Where the statute creating the offense does not describe the act or acts which compose it, they must be specifically averred in the indictment or information. (*People v. Barnes, supra; Johnson v. People,* 113 Ill. 99; *Kibs v. People,* 81 id. 599; *People v. Lewis,* 319 id. 154; *McNair v. People,* 89 id. 441; *Cochran v. People,* 175 id. 28; *Gunning v. People,* 189 id. 165; *Prichard v. People,* 149 id. 50.) The rule as laid down in Wharton's Criminal Pleading and Practice (sec. 220) is as follows: 'On the general principles of common law pleading it may be said that it is sufficient to frame the indictment in the words of the statute in all cases where

the statute so far individuates the offense that the offender has proper notice, from the mere adoption of the statutory terms, what the offense he is to be tried for really is, but in no other case is it sufficient to follow the words of the statute. It is no more allowable, under a statutory charge, to put the defendant upon trial without specification of the offense than it would be under a common law charge.' See, also, 1 Bishop on Crim. Proc. secs. 369, 370, and cases cited.

''Section 2 does not state what act or acts may be regarded as constituting the practice of a system or method of treating human ailments. Neither is such practice elsewhere in the act otherwise defined. As to what constitutes such practice, courts and juries would quite often differ and perhaps no two persons would ever entirely agree. There are certain acts the commission of which everyone will agree would constitute such practice. An information or indictment in which such acts are specifically averred would be a sufficient charge of the violation of the section, but without such averment there is no sufficient statement of the nature and cause of the accusation. The defendant in error relies on *People v. Krause,* 291 Ill. 64, and *People v. Walder,* 317 id. 524, as authority for the sufficiency of the information here. The information in the *Krause* case was under the act of 1917, in which the phrase 'treating human ailments' was specifically defined. Not only that, but there the information specifically averred the manner of treatment employed and set forth the name of the person so treated. In the *Walder* case the sufficiency of the indictment was not questioned or determined.''

In the *Brown* case the offense charged is ''that he practiced a system or method of treating human ailments without the use of drugs or medicine,'' etc. and in the case at bar the charge is that the plaintiff in error did ''maintain an office for the examina-

tion and treatment . . . of persons afflicted, alleged and supposed to be afflicted by human ailments.'' In neither case does the indictment state or charge what act or acts was performed or intended to be performed as constituting the practice of a system or method of treating human ailments. The indictment in this case contains the same defect as that contained in *People v. Brown, supra,* and the motion to quash should have been sustained.

The indictment further charged several offenses against plaintiff in error and the second count charged a substantive offense against another with which plaintiff in error is not joined. This was an error for which the indictment should have been quashed. Different persons cannot be tried upon different charges in the same indictment. (*Baker v. People,* 105 Ill. 452–458; *People v. Hallam,* 149 Ill. App. 384, 386.)

In the case at bar neither defendant was charged with joining the other in the commission of any offense.

For the reasons stated the judgment of the county court of McDonough county is reversed.

*Reversed.*