The People of the State of Illinois, Appellee, v. C. N. Wirth, Appellant.

Gen. No. 8,619.

232

Opinion filed April 27, 1932.

JAMES H. MURPHY and GEORGE G. RINIER, for appellant.

VICTOR HEMPHILL, State's Attorney, and M. F. SEYFRIT, Assistant State's Attorney, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

Appellant was convicted under the fifth count of an information filed by the State's attorney in the county court of Macoupin county and was sentenced to pay a fine of $100 and costs, whereupon he prayed an appeal to this court which was allowed. There is no statute in Illinois authorizing an appeal in a criminal case and the manner of reviewing such case is by writ of error. *Gallagher v. People,* 207 Ill. 247; *French v. People,* 77 Ill. 531; *Mohler v. People,* 24 Ill. 26. In the case at bar, however, no motion to dismiss the appeal was made by appellee but on the contrary briefs and arguments have been filed by the People in which the errors assigned by appellant are discussed. Under such a condition of the record this court may treat the attempted appeal as a writ of error. *People v. Miner,* 144 Ill. 308. In the case of *Gallagher v. People* and *O'Donnell v. People,* consolidated, 207 Ill. 247, an appeal to the Supreme Court was attempted in certain criminal cases and the People instead of filing briefs and arguments therein made motions to dismiss the appeals. The court held: "To give a defendant a

right of appeal in a criminal case would be to confer upon him the right, at his own will, to supersede the execution of the sentence, which was never intended. That can only be done by order of the reviewing court, or a judge thereof, upon an inspection of the transcript, in cases where there is a reasonable doubt as to the guilt of the defendant. There have been cases of appeals where the People have appeared and joined in error and submitted the cause for decision upon the errors assigned, which have been treated as being in the court upon writs of error in preference to dismissing the appeal, but in these cases there has been neither appearance nor joinder in error, and we are called upon by this motion to recognize the right of appeal. We cannot consent to do that, and neither of the cases being in this court by any method prescribed by law, the motion is denied." It was held in the case of *Hertel v. People,* 74 Ill. App. 304, that where an appeal is brought in a criminal case and the Attorney General files a brief for the State, the court may consider this a joinder in error and hear the case, but is not required to do so. We have concluded to treat this proceeding as a writ of error.

The fifth count of the information under which plaintiff in error was convicted is based upon section 24, paragraph 25, Cahill's Rev. St. 1931, ch. 91, which provides: "If any person . . . shall maintain an office for examination or treatment of persons afflicted, or alleged or supposed to be afflicted, by any ailment; . . . and shall not then possess in full force and virtue a valid license issued by the authority of this State to practice the treatment of human ailments in any manner, he shall be guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not less than one hundred dollars," etc. The count is in the language of the above statute. A motion was made in the court below to quash this count because it is indefinite, uncertain, misleading and defective and

not fairly apprising the defendant of the offense attempted to be charged. In the case of *People v. Jiras*, 260 Ill. App. 142, the count on which the defendant was convicted was substantially in the same words as that in the case at bar and a full discussion of the sufficiency of such a count was had, and we held that the reasoning applied in the case of *People v. Brown*, 336 Ill. 257, must be applied to a count of the character involved in this case. We there held: ''In neither case does the indictment state or charge what act or acts was performed or intended to be performed as constituting the practice of a system or method of treating human ailments. The indictment in this case contains the same defect as that contained in *People v. Brown, supra,* and the motion to quash should have been sustained.'' No arguments have been advanced in the present case which convince us that we were wrong in our decision in the *Jiras* case. In our opinion the motion to quash this count should have been sustained.

The judgment of the county court is reversed.

*Reversed.*