The People of the State of Illinois, Defendant in Error,
v. Carl Ring, Plaintiff in Error.

Opinion filed June 4, 1934.

R. E. BOLEY and GEORGE G. RINIER, for plaintiff in error.

OMER E. LEWIS, State's Attorney, for defendant in error.

Mr. Presiding Justice Edwards delivered the opinion of the court.

An information, consisting of four counts, was filed in the county court of Richland county, charging plaintiff in error with violating sections 2 and 24 of chapter 91, Cahill's Revised Statutes, ¶¶ 2 and 25, being the Medical Practice Act.

Count No. 1 charges that plaintiff in error, not having a license so to do, did unlawfully hold himself out to the public as being engaged in the diagnosis and treatment of ailments of human beings, to wit: "by the chiropractic method or system of adjusting the vertebrae." The second count alleged that he "did then and there maintain an office for the examination and treatment of persons afflicted by ailments, to wit: for the examination and treatment of such persons by the chiropractic system or method." The third count sets forth that he "did then and there unlawfully practice a method of treating human ailments without the use of drugs or medicine and without operative surgery to wit: by then and there administering chiropractic treatment of vertebrae adjustment to one Alice Whitaker." The fourth count is identical with the third, except the name of the patient treated was that of Peggy Jane Lawless.

The court overruled a motion to quash the information and each count thereof, and after the presentation of the evidence, for the reasons to be hereafter referred to and discussed, instructed the jury to find the plaintiff in error guilty on each count, which being done, the court imposed a fine of $200 on each of the four counts, and to review which judgment, this writ of error has been sued out.

Counts Nos. 1 and 2 are based upon section 24 of chapter 91 of Cahill's Revised Statutes, ¶ 25, which penalizes any person, who, not having a license so to do "shall hold himself out to the public as being en-

gaged in the diagnosis or treatment of ailments of human beings''; or ''shall maintain an office for the examination or treatment of persons afflicted, or supposed to be afflicted, by any ailment''; while the third 'and fourth counts rest upon section 2 of said chapter 91, providing for the punishment of anyone who, not being licensed for the purpose ''shall practice medicine or any of its branches, . . . or any system or method of treating human ailments, without the use of drugs or medicines and without operative surgery.''

Plaintiff in error contends that each count is insufficient, because of uncertainty, and failure to charge specific acts and circumstances as to just what was done in the way of having and maintaining an office, and holding himself out as treating human ailments; also, it should have been charged that he did treat certain persons, naming them, and for certain ailments, naming them.

Three decisions are relied upon to support the contention—the cases of *People v. Brown,* 336 Ill. 257; *People v. Jiras,* 260 Ill. App. 142; *People v. Wirth,* 266 Ill. App. 231. A careful reading of each will reveal that the accusations in those cases, but charged the offense in general terms, did not specify wherein or in what manner the accused was holding himself out as a medical practitioner, or maintaining an office for such purpose, or the character of the treatment which was being employed, or held out to be administered.

It seems there is a clear distinction in the information of the instant case from those in the decisions cited;—here in the first two counts, the charge was that the office was maintained, and the holding out was for the treatment, by the chiropractic method or system, in the first of which, it was specifically averred to be for the adjustment of the vertebrae, while in the third and fourth counts, the treatments actually given, were stated to be by ''administering chiropractic treatment of vertebrae adjustment'' to named persons.

It appears that the State's attorney, in drafting this information, had before him the three cited decisions, and was endeavoring to overcome the uncertainties which the court had held against the informations in such cases.

Section 6 of Division XI of the Criminal Code, Cahill's St. ch. 38, ¶ 740, provides that "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct which states the offense in the terms and language of the statute creating the offense, or so plainly that the nature of the offense may be easily understood by the jury." In *Parris v. People,* 76 Ill. 274, it was declared to be the rule that the sufficiency of informations is to be determined by the same tests as are applicable to indictments.

The word "chiropractic" is defined in Webster's New International Dictionary, Edition of 1927, as "a system, or the practice, of adjusting the joints, especially of the spine, by hand, for the curing of disease."

It is a term in common and general use, whose meaning is well understood by the general public as being just what it is stated by Webster's definition to be, the practice of adjusting, by hand, of the vertebrae of the spine. This is the system and method described in the counts of the information, and would be easily understood by the jury. It adequately apprised the plaintiff in error of the charge which he was called upon to meet, and made a sufficiently definite record, that a conviction thereunder could be pleaded in bar of a subsequent prosecution, based upon the same charge, hence, within the rules of criminal pleading, was a sufficient statement of the offense. *People v. Krause,* 291 Ill. 64. The motion to quash was properly overruled.

It is further objected that there is no proof of the venue. The only evidence bearing upon the proposition is that the office maintained by plaintiff in error,

and where he administered the treatments was in the "Martin Building." There is, however, no testimony that such building was in the county of Richland. For aught that appears from the evidence, it might have been in some other county. The State was required to prove that the acts complained of occurred in Richland county, it being one of the material averments of the information. *Moore v. People,* 150 Ill. 405. This the proof wholly fails to do.

As before stated, the court gave to the jury the following instruction:

"The Court instructs the jury that in this case the defendant has made no defense to the facts proven by the People and the uncontradicted evidence on the part of the People shows that the defendant is guilty as charged in the four counts of the information. You are therefore instructed to find the defendant guilty as charged in each and every count of the information." This is assigned as error. In Bishop's Criminal Procedure, 2nd Edition, Volume 2, page 813, the rule is stated to be, "The judge is incompetent to convict one of crime, even though he acknowledges it, except on a plea of guilty. The evidence is exclusively for the jury. However conclusive of guilt it may be, he can only tell them, that if they believe such and such to be the facts, the law demands a verdict of guilty; he cannot otherwise direct such verdict."

"In a criminal case a verdict of conviction may never be directed. It is for the jury, in all such, to pass upon the credibility of the witnesses, even though the evidence be clear and convincing." 6 Ency. Pl. and Pr. 689.

The Supreme Court of the United States, in *Sparf v. United States,* 156 U. S. 51, at page 105, declared the rule to be: "We have said that, with few exceptions, the rules which obtain in civil cases in relation to the authority of the court to instruct the jury upon

all matters of law arising upon the issues to be tried, are applicable in the trial of criminal cases. The most important of those exceptions is that it is not competent for the court, in a criminal case, to instruct the jury peremptorily to find the accused guilty of the offense charged or of any criminal offense less than that charged.''

The Court of Appeals of New York, in *People v. Walker,* 198 N. Y. 329, 91 N. E. 806, held that ''While in a civil action, where there is no conflict in the evidence, and no diverse inferences therefrom are possible, within reason, the court may direct a verdict, even in a case of the utmost importance, still in a criminal action this is not permitted by the law even in a case of the most trifling importance.''

''In a criminal case, the court cannot direct a verdict of guilty, even where the facts are admitted beyond dispute, and the question of guilt or innocence depends wholly upon a question of law, which the court must determine.'' *United States v. Taylor,* 11 Fed. 470.

It appears to be held with great unanimity by courts of the highest respectability that where the defendant pleads not guilty, the trial court is without authority to direct a verdict of guilty. *Lucas v. Commonwealth,* 118 Ky. 818, 82 S. W. 440; *Davis v. State,* 66 Tex. Crim. 179, 145 S. W. 939; *State v. Godwin,* 145 N. C. 461, 59 S. E. 132; *State v. Wilson,* 62 Kan. 621, 64 Pac. 23; *State v. McNamara,* 212 Mo. 150, 110 S. W. 1067; *State v. Reed,* 52 Ore. 377, 97 Pac. 627; *People v. Heikkala,* 226 Mich. 332, 197 N. W. 366.

There does not appear to be any decision in this State which passes directly upon the point. We do, however, find that in *Roach v. People,* 77 Ill. 25, 29, the rule was stated: ''The direction of the court to convict, at the end of the instruction, should be made expressly dependent upon their finding such and such

facts established, beyond reasonable doubt, by the evidence.''

It appears to be manifest, from the overwhelming weight of authority, that the court had no authority to direct a verdict of guilty against plaintiff in error, and that its action in so doing was error.

For the reasons indicated, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*