(No. 27944.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* A. FRED KABANA, Plaintiff in Error.

*Opinion filed Sept. 19, 1944—Rehearing denied Nov. 20, 1944.*

GEORGE G. RINIER, of Indianapolis, Ind., and RAY E. LANE, of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and JOSEPH A. POPE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was charged, by information, in the county court of Cook county, with violating the Medical Practice Act by treating a human ailment without a license and causing his name to be circulated on literature indicating that he was licensed to practice healing human ailments. He was fined the sum of $500 and sentenced to ninety days in the county jail. The Appellate Court, First District, affirmed the judgment. The cause is here on writ of error to review the judgment of the Appellate Court.

It is contended here that the information was insufficient and should have been quashed; that immaterial and incompetent testimony was introduced by the State, and that the jury was erroneously instructed.

The information charges that plaintiff in error, having no license to practice the treatment of human ailments, did diagnosticate a supposed ailment of one Charlotte Hermes, *alias,* etc., as pressure and muscular rigidity in the upper part of her neck; that he treated the supposed ailment by applying pressure to the upper part of her neck with his fingers, with the intention of receiving a fee of $2.50, which fee he did receive.

It is also charged that he caused his name to appear and be printed on certain booklets for distribution, having to do with human ailments; that he caused his name to appear as one licensed to practice chiropractic, and maintained an office for the purpose of treating those afflicted, or supposed to be afflicted, with human ailments.

Each count of the information charges defendant with acts alleged to have been committed, and which are charged to be in violation of the Medical Practice Act. Plaintiff in error's counsel say that no count sufficiently sets forth the specific act charged to be a violation of the statute, and that each count is ambiguous. We are unable to agree with counsel's contention, as each count sets forth a specific act which, it is charged, constitutes treatment of human ailments, or advertising, contrary to section 24 of the Medical Practice Act. (Ill. Rev. Stat. 1943, chap. 91, par. 16i, p. 2028.) Plaintiff in error's counsel cite *People* v. *Brown,* 336 Ill. 257, as authority for their contention that the information is insufficient. In that case the charge was a violation of a portion of section 2 of the Medical Practice Act relating to practice or methods of treating human ailments without a license, without use of drugs and without operative surgery. The rule which controls here

is well established. Where the statute sufficiently defines a crime, an information stating the offense in the language of the statute is sufficient. Where it does not describe the act or acts which compose the offense, they must be specifically averred in the information. *People v. Lewis,* 319 Ill. 154; *People v. Barnes,* 314 Ill. 140.

In section 24 of the Medical Practice Act the gravamen of the charge is the holding out to the public that the accused is engaged in the diagnosis or treatment of ailments of human beings or in recommending or prescribing some form of treatment for the palliation or cure of physical or mental ailments, with intention of receiving therefor a fee, gift or compensation, or maintaining an office for examination or treatment of persons afflicted or supposed to be afflicted, or attaching to his name the title "Doctor, Physician, Surgeon, M.D." or any words or abbreviation indicative that he is engaged in the treatment of human ailments, where such accused shall not have, in full force, a license issued by the authority of the State.

An examination of the charges of the various counts shows that, in addition to language of the statute, each count states specifically the acts charged to be violations of the Medical Practice Act. The information is sufficient under the rule laid down in *People v. Brown,* 336 Ill. 257, above cited. It gave the accused ample information as to the charge he was required to meet. The court did not err in refusing to quash it. *People v. Green,* 362 Ill. 171; *People v. Westerdahl,* 316 Ill. 86.

It is next complained that the court erred in admitting immaterial and incompetent evidence. Complaint is made that each and every question and the answer thereto violated the rules of evidence, as they invaded the province of the jury on the question whether a treatment had been given. The uncontradicted evidence is that plaintiff in error did not have a license to practice the profession of

chiropractic; that he did, by the use of his fingers and hands, treat one Charlotte Hermes, and received a fee of $2.50 therefor. Thus the guilt of the plaintiff in error was sufficiently shown beyond a reasonable doubt.

It is also contended that the giving of People's instructions defining "the practice of medicine" and the word "prescribe" was erroneous for the reason that the General Assembly did not define such terms. The instruction complained of told the jury that the term "medicine" is not limited to substances supposed to possess curative or remedial properties, but related also to the healing art and science of preserving health and treating disease, and that to "prescribe," within the meaning of the Medical Practice Act, is to write or give medical direction to indicate remedies, and that it is not necessary that such prescription be in writing. The case of *People* v. *Brown,* 336 Ill. 257, relied upon by plaintiff in error, does not relate to the definition of the words "medicine" or "prescribe" as used in the instruction, but pertains to the language used in the information in that case. The instruction given in the case before us was not erroneous.

Counsel argue earnestly that the *Brown case* is applicable to the case before us and that, therefore, the verdict of the jury in this case is erroneous. In that case, however, the information was only in the language of the statute while in this case each of the five counts alleged, under a *videlicet,* specific acts of the plaintiff in error in violation of section 24 of the act. The verdict of the jury was justified by the evidence.

The judgment of the Appellate Court, First District, is affirmed.

*Judgment affirmed.*