(No. 29575.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. AMANTE RONGETTI, Plaintiff in Error.

*Opinion filed November 20, 1946—Rehearing denied Jan. 20, 1947.*

RAY E. LANE, of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and JOSEPH A. POPE, all of Chicago, of counsel,) for the People.

Mr. CHIEF JUSTICE GUNN delivered the opinion of the court:

An information in five counts was filed in the county court of Cook county against Amante Rongetti for violation of the Medical Practice Act. He was tried by a jury and convicted on counts 1, 2 and 5, and sentenced to ninety days in jail and a $300 fine. The Appellate Court for the First District affirmed the conviction, and it is here on writ of error.

The counts upon which defendant was convicted made the following charges: The first count with making a diagnosis of one Louis Janczak as having kidney trouble; count 2 that he prescribed for said supposed kidney trouble a large quantity of distilled water; and count 5 that he maintained an office equipped with stethoscope, blood pressure apparatus, examining table, sterilizing cabinet and other equipment. A motion to quash was overruled.

The points raised by plaintiff in error are: (1) That the information does not charge a violation of the law; (2) that the evidence does not warrant the judgment and sentence; (3) that the trial court erred in the admission of evidence for the People; (4) that the Appellate Court for the First District should have discharged plaintiff in error because of a pardon he had received from the Governor after conviction of another crime.

The plaintiff in error relies upon *People v. Brown,* 336 Ill. 257, as holding that the counts in the information did not state a crime. In that case the court held that an information in the language of section 2 of the Medical Practice Act was not sufficient. Section 2 is a general provision that the practice of medicine without a license is forbidden. Section 24 of the Medical Practice Act, however, prescribes the precise acts which constitute a violation of the statute as constituting the practice of medicine. The information is predicated upon the matters

specified in section 24 of the statute. Ill. Rev. Stat. 1945, chap. 91, par. 16i.

In *People* v. *Kabana*, 388 Ill. 198, we pointed out the distinction between an indictment or information predicated upon section 2 and section 24, and held that *People* v. *Brown,* 336 Ill. 257, was not applicable to a charge of violating section 24. Informations in almost the identical language as that contained in the information before us have been sustained and upheld in *People* v. *Shaver,* 367 Ill. 339; *People* v. *Paderewski,* 373 Ill. 197; *People* v. *Moe,* 381 Ill. 235, and other cases. This point is without merit.

The claim is also made that the evidence does not warrant the judgment. There was substantial evidence on all of the counts upon which plaintiff in error was convicted, and no denial by the defense, and no evidence tending to impeach or disqualify the People's evidence. It is unnecessary for us to set out the facts testified to other than to say we have examined the record with care, and think it was sufficient to warrant a conviction.

It is also contended there is no evidence of the intent specified in the statute. Plaintiff in error overlooks that section 24 sets out five separate matters in the disjunctive, which constitute the practice of medicine. The second ground, alone, makes intent of receiving money a part of the offense. This ground is: "Or shall suggest, recommend or prescribe any form of treatment * * * with the intention of receiving therefor, * * * any fee, gift, or compensation whatsoever; * * *." None of the other grounds specified in section 24 require the intent to receive money as a part of the offense, and since plaintiff in error is not charged with the violation of the provision of the Medical Practice Act requiring intent to receive compensation, the question of intent to receive compensation is not before us, and lack of proof of such intent constitutes no ground of reversal.

It is also contended that improper evidence was received on behalf of the People. The claim made is that a witness testified as an expert when his qualification as an expert was not shown. The witness did not pretend to give his opinion. He described the equipment in the office of the doctor as a stethoscope, apparatus for taking blood pressure, etc., and recited the language used by plaintiff in error. This does not constitute giving an opinion, but is a direct statement of a fact, tending to prove the charges in the information.

It is finally claimed the plaintiff in error had a right to practice medicine because he had been given a pardon by the Governor, restoring his rights of citizenship, which had been forfeited by a prior conviction of manslaughter. The claim that a pardon reinstated plaintiff in error in the practice of medicine was made for the first time in the Appellate Court. No authorities are cited by either side as to the effect of a pardon upon the rights of a person to engage in a profession, which had been forfeited by the prior conviction, nor have we found that the point has been passed upon in this State. In *People ex rel. Deneen* v. *Gilmore*, 214 Ill. 569, and *People ex rel. Johnson* v. *George*, 186 Ill. 122, it was held attorneys might be disbarred because of conviction of crime involving moral turpitude, notwithstanding pardon had been granted previous to the institution of the proceeding; but the question of restoration by pardon was not involved.

In *Branch* v. *State*, 120 Fla. 666, 163 So. 48, it was held that an attorney at law was not restored to the right to practice law because he had received a pardon of an offense which had resulted in his being disbarred. And in *State* v. *Hazzard*, 139 Wash. 487, 247 Pac. 957, it was likewise held that the pardon of a physician does not restore the right to practice medicine, although it purports to restore all rights and privileges forfeited by the conviction. (See 47 A.L.R. 543.) The language of the last case seems

584

appropriate: "There is a wide distinction between the right which one, whether felon or free, has to hold his own property against the world, and deny even the State the right to take it from him without compensation therefor, and that other right to practice a profession which demands peculiar qualifications in order to protect the public, and requires a license."

If a pardon has the effect claimed by plaintiff in error then many persons who have obtained divorces because their spouses had been convicted of a felony would find themselves in an embarrassing position. We are satisfied, even if such pardon had been invoked in proper time, it would not have the effect claimed by plaintiff in error.

The judgments of the Appellate Court for the First District, and the county court of Cook county are accordingly affirmed.

*Judgments affirmed.*